1    DENNIS M. BROWN, Bar No. 126575
     dmbrown@littler.com
2    MARLENE S. MURACO, Bar No. 154240
     mmuraco@littler.com
3    KARIN M. COGBILL, Bar No. 244606
     kcogbill@littler.com
4    LITTLER MENDELSON
     A Professional Corporation
5    50 W. San Fernando, 15th Floor
     San Jose, CA 95113.2303
6    Telephone:    408.998.4150

7    Attorneys for Defendant
     WAL-MART STORES, INC.

8

9                   UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11                  SAN FRANCISCO DIVISION

| | |
|---|---|
| 12   NISHA BROWN and KATHY WILLIAMSON, individually and on behalf 13   of all others similarly situated, | Case No. C 09 03339 JW PVT |
| 14               Plaintiffs, | NOTICE OF REMOVAL BY DEFENDANT WAL-MART STORES, INC. PURSUANT TO 28 U.S.C. SECTION 1332(D)(2) (CAFA) AND 28 U.S.C. §§ 1441, 1446 AND 1332 (DIVERSITY) |
| 15       v. | |
| 16   WAL-MART STORES, INC., and DOES 1-50, inclusive, | Complaint filed: June 11, 2009 |
| 17 | |
|               Defendants. | |
| 18 | |

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 15th Floor
San Jose, CA 95113 2303
408 998 4150

NOTICE OF REMOVAL

1    TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2    PLEASE TAKE NOTICE that Defendant WAL-MART STORES, INC. ("Defendant")

3    hereby removes the action entitled *Brown, et al. v. Wal-Mart Stores, Inc., et al.*, Case No.

4    RG09457009, from the Superior Court of the State of California, County of Alameda, to the United

5    States District Court for the Northern District of California.

6    **I.    GENERAL INFORMATION**

7        1.    On June 11, 2009, an action entitled *Brown, et al. v. Wal-Mart Stores, Inc., et al.* was

8    filed in the Superior Court of the State of California, County of Alameda, Case No. RG09457009

9    (hereinafter the "Complaint").   The Complaint is a class action and representative action for

10   recovery of penalties under the California Labor Code Private Attorney General Act of 2004

11   ("PAGA"), Cal. Lab. Code section 2698 *et seq.*   Plaintiffs allege that "defendants violated California

12   Labor Code section 1198 and Wage Order 7-2001, section 14 by failing to provide suitable seats to

13   plaintiffs and other current and former employees."   A true and correct copy of the Summons and

14   Complaint from the Superior Court of the State of California, County of Alameda is attached hereto

15   as Exhibit A.

16       2.    Defendant was served with the Complaint on June 22, 2009, via personal service.

17       3.    On July 21, 2009, Defendant filed a General Denial to Plaintiffs' Complaint in the

18   Alameda County Superior Court pursuant to Cal. Code of Civ. Proc. § 431.30.   A true and correct

19   copy of Defendant's General Denial to Plaintiffs' Complaint is attached hereto as Exhibit B.

20       4.    Defendant Wal-Mart Stores, Inc. is the only named defendant in this action.

21       5.    This Notice of Removal is timely in that it is filed within thirty days of June 22, 2009,

22   the date Defendant was served with Plaintiffs' Complaint.   *Murphy Bros., Inc. v. Michetti Pipe*

23   *Stringing, Inc.*, 526 U.S. 344 (1999); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986) (thirty day

24   removal period runs for all defendants from the date served with the original complaint); *McAnally*

25   *Enter., Inc. v. McAnally*, 107 F. Supp. 2d 1223, 1229 (C.D. Cal. 2000) (same).

26       6.    The Court has jurisdiction over this matter pursuant to both 28 U.S.C. sections 1332(a)

27   and 1332(d)(2), each of which is addressed separately below.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
© W. San Fernando, 13th Floor
San Jose, CA 95113 2303
408 998 4150

NOTICE OF REMOVAL                    2.

1    7.    The action is pending in Alameda County Superior Court.  Venue properly lies in the

2    United States District Court for the Northern District of California pursuant to 28 U.S.C. sections

3    84(a) and 1391(a).

4    8.    Intradistrict Assignment.  As Plaintiffs filed this case in Alameda County, assignment

5    to either the San Francisco Division or the Oakland Division is appropriate.  See L.R. 3-2(e).

6    **II.    CLASS ACTION FAIRNESS ACT JURISDICTION**

7    9.    Pursuant to Section 4 of the Class Action Fairness Act of 2005 ("CAFA" or "the Act"),

8    28 U.S.C. section 1332(d)(2):

9    
10   The district courts shall have original jurisdiction of any civil action in
     which the matter in controversy exceeds the sum or value of
     $5,000,000, exclusive of interest and costs, and is a class action in
11   which – (A) any member of a class of plaintiffs is a citizen of a State
     different from any defendant.

12   While there are a number of exceptions to this new rule of original jurisdiction

13   contained in amended 28 U.S.C. Section 1332(d)(3)-(5), none of them are applicable here.

14   10.    As will be demonstrated, this Court has jurisdiction over this action pursuant to CAFA,

15   28 U.S.C. section 1332(d), and this case may be removed by Defendant pursuant to the provisions of

16   28 U.S.C. section 1441(a), in that it is a civil class action wherein: (1) the proposed class contains at

17   least 100 members; (2) the defendant is not a state, state official or other governmental entity; (3) the

18   total amount in controversy exceeds $5,000,000; and (4) there is diversity between at least one class

19   member and the defendant.  28 U.S.C. § 1332.

20   11.    Plaintiffs bring this action on their own behalf, and as a class action and representative

21   action.  Complaint at ¶ 1.  Plaintiffs seek to represent similarly situated employees who currently

22   work for and/or previously worked for Defendant in the State of California.  Complaint at ¶ 9.

23   12.    The proposed class that Plaintiffs seek to represent "consists of well over 1,000

24   individuals."  Complaint at ¶ 11.

25   13.    Defendant is not a state, state official or other governmental entity.

26   **A.    Amount in Controversy**

27   14.    By way of their Complaint, Plaintiffs seek to recover penalties against Defendant as

28   provided under Lab. Code section 2699(f).  Complaint at ¶ 11.  The failure of the Complaint to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando 15th Floor
San Jose, CA 95113 2303
408.998.4150

NOTICE OF REMOVAL                                                3.

1   specify the total amount of penalties sought by Plaintiffs and the class members does not deprive this
2   Court of jurisdiction under CAFA.  Defendant need only establish that Plaintiffs' claims exceed the
3   jurisdictional minimum.  The Act authorizes the removal of class actions in which, among the other
4   factors mentioned above, the aggregate amount in controversy for all class members exceeds five
5   million dollars ($5,000,000.00).  The allegations in Plaintiffs' Complaint and the claimed penalties
6   greatly exceed the jurisdictional minimum.  By demonstrating that the actual amount in controversy
7   exceeds the threshold, Wal-Mart neither concedes the validity of Plaintiffs' claims nor the likelihood
8   that Plaintiffs will recover anything they seek.

9          15.    The putative class, according to the Complaint, consists of "[a]ll persons who, during
10   the applicable statute of limitations, were employed by Wal-Mart in the State of California in the
11   position of Cashier, or similar position that regularly involves the operation of a cash register, and
12   were not provided with a seat."  Complaint at ¶ 9.

13          16.    California has a one-year statute of limitations for civil penalty claims. Cal. Code Civ.
14   Proc. § 340(a).

15          17.    Defendant currently employs 10,206 individuals in the position of cashier in
16   California.  See Declaration of Doug Whitney in Support of Notice of Removal ("Whitney Decl."),
17   ¶2.  Defendant has consistently employed approximately 10,000 cashiers in California at all times
18   since June 2008. Id. at ¶3.

19          18.    Lab. Code section 2699(f) provides that "if, at the time of the alleged violation, the
20   person employs one or more employees, the civil penalty is one hundred dollars ($100) for each
21   aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each
22   aggrieved employee per pay period for each subsequent violation."

23          19.    Defendant presumes that Plaintiffs will argue that they are entitled to recover $100 for
24   the first pay period in which an alleged violation occurred, and $200 for each subsequent pay period.
25   Plaintiffs were paid on a bi-weekly basis. Whitney Decl. at ¶4. Assuming, for purposes of removal,
26   that a violation occurred for each of the past 26 pay periods, then the penalty imposed for each
27   aggrieved employee would be $5,100.00.  Assuming, again for purposes of removal, there are
28   10,000 aggrieved employees during each pay period, the total penalty Plaintiffs seek from Defendant

1    would equal $51,000,000.00. The CAFA amount in controversy is therefore satisfied.

2          20.    Defendant provides the foregoing calculations only to demonstrate that the amount in

3    controversy in this case meets or exceeds the amount in controversy requirement of the Act. The

4    calculations set forth herein are not, and should not, be construed as admissions with respect to any

5    liability or damages aspect of this case.

6          **B.    Diversity**

7          21.    Defendant is informed and believes that Plaintiff Brown was at the time of

8    commencing this action, and still is, a citizen of the State of California. Complaint at ¶ 2.

9          22.    Defendant is informed and believes that Plaintiff Williamson was at the time of

10   commencing this action, and still is, a citizen of the State of Illinois. Complaint at ¶ 3.

11         23.    Defendant was, and still is, a corporation incorporated under the laws of the State of

12   Delaware with its principal place of business in the State of Arkansas. Thus, Defendant is not a

13   citizen of the State of California or the State of Illinois. 28 U.S.C. § 1332(c)(1).

14         24.    Thus, because the matter in controversy exceeds the $5,000,000 threshold set forth in

15   CAFA, and because the plaintiff class members are citizens of a state different from Defendant,

16   removal of this action is proper under CAFA.

17   **III.    DIVERSITY JURISDICTION EXISTS**

18         25.    This Court also has original jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)

19   and this diversity action may be removed to this Court under 18 U.S.C. §§ 1441 and 1446. "Any

20   civil action brought in a State court which the district courts of the United States have original

21   jurisdiction, may be removed by the defendant or the defendants, to the district court of the place

22   where such action is pending." 28 U.S.C. § 1441(a). The district courts shall have original

23   jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000,

24   exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a)(1).

25         26.    In diversity cases, where the claims asserted by one named plaintiff satisfy the

26   jurisdictional amount, the Court can exercise supplemental jurisdiction pursuant to 28 U.S.C.

27   § 1367(a) over the remaining plaintiffs' claims. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545

28   U.S. 546, 566-67 (2005). Likewise, the Court has supplemental jurisdiction over the claims of

1 unnamed class members when the claim of an individual named plaintiff satisfies the amount-in-
2 controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 940 (9th Cir. 2001).

3     **A.**    **Action Between Citizens of Different States**

4     27.    As set forth above in paragraphs 21-23, this is an action between citizens of different
5 States as all named Plaintiffs are citizens of California and Illinois and Defendant is a citizen of
6 Delaware and Arkansas.

7     28.    Defendants designated as DOES 1 through 50 are fictitious defendants, are not parties
8 to this action, have not been named or served, and are to be disregarded for the purpose of this
9 removal. 28 U.S.C. § 1441(a); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.
10 1987). The Doe defendants, therefore, need not consent to this removal.

11     **B.**    **Amount In Controversy**

12     29.    The amount in controversy in this case exceeds $75,000, excluding interest and costs.
13 A defendant can establish the amount in controversy by the allegations in a complaint, or by setting
14 forth facts in the notice of removal that demonstrate that the amount in controversy "more likely than
15 not" exceeds $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996);
16 Guas v. Miles, Inc., 980 F. 2d 564, 576 (9th Cir. 1992). The District Court may consider whether it
17 is facially apparent from the Complaint that the jurisdictional amount is met. *Singer v. State Farm*
18 *Mut. Auto Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Conrad Assoc. v. Hartford Accident & Indem.*
19 *Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998).

20     30.    As set forth above in paragraphs 15-19, Plaintiffs seek to recover more than
21 $50,000,000.00 in penalties against Defendant under PAGA, Cal. Lab. Code section 2699(f). "An
22 employee plaintiff suing, as here, under the Labor Code Private Attorneys General Act of 2004, does
23 so as the proxy or agent of the state's labor law enforcement agencies" because "[t]he act's declared
24 purpose is to supplement enforcement actions by public agencies, which lack adequate resources to
25 bring all such actions themselves." *Arias v. Superior Court*, 09 C.D.O.S. 8257 (CA SCt. June 29,
26 2009), 2009 Cal. LEXIS 6017, p. *26. "In a lawsuit brought under the act, the employee plaintiff
27 represents the same legal right and interest as state labor law enforcement agencies – namely,
28 recovery of civil penalties that otherwise would have been assessed and collected by the Labor

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
D W. San Fernando 15th Floor
San Jose CA 95113 2303
408 998 4150
   NOTICE OF REMOVAL      6.

1    Workforce Development Agency." *Id.* at p. *27. Thus, "[t]he employee plaintiff may bring the

2    action only after giving written notice to both the employer and the Labor Workforce Development

3    Agency [LWDA] . . . and 75 percent of any civil penalties recovered must be distributed to the

4    Labor and Workforce Development agency." *Id.* In other words, the named Plaintiffs herein have

5    the statutory right to pursue collection of the $50,000,000.00+ in civil penalties the LWDA would

6    otherwise have the right to pursue. The named Plaintiffs thus clearly have more than $75,000.00 at

7    issue. As noted above, the Court can exercise supplemental jurisdiction over the other current and

8    former employees of Defendant that Plaintiffs seek to represent. *Exxon Mobil Corp., supra.,* 545

9    U.S. at 566-67; *Gibson, supra,* 261 F.3d at 940.

10       31.   Plaintiffs' individual claim for attorney's fees pursuant to Labor Code section 2699(g)

11   must also be considered in determining whether the jurisdictional limit is met. Pra yer at ¶2.

12   Attorneys' fees recoverable by statute or contract should be included in determining the amount in

13   controversy in representative actions. California Labor Code section 2699(g) provides that "any

14   employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and

15   costs."

16       32.   In light of the foregoing, this Court is also vested with jurisdiction over this action

17   pursuant to 28 U.S.C. § 1332(a)(1).

18   **IV.   CONCLUSION**

19       33.   Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with

20   the clerk of the Superior Court of California, County of Alameda.

21       34.   Pursuant to 28 U.S.C. § 1446(d), Defendant is providing written notice to Plaintiffs.

22

23       WHEREFORE, Defendant removes the action now pending against it in the Superior

24   Court of the State of California, County of Alameda, to this Honorable Court, and requests that this

25   Court retain jurisdiction for all further proceedings.

26

27

28

LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 15th Floor
San Jose, CA 95113-2303
408 998 4150

NOTICE OF REMOVAL                                7.

1    Dated: July 21, 2009

2

3                                          _Marlene Muraco_

4                                          MARLENE S. MURACO
                                           LITTLER MENDELSON
5                                          A Professional Corporation
                                           Attorneys for Defendant
6                                          WAL-MART STORES, INC.

7    Firmwide:90901236.1 015602.6736

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
0 W San Fernando 15th Floor
San Jose  CA  95113 2303
408 998 4150

NOTICE OF REMOVAL                          8.

# EXHIBIT A

6/22/09    11:30

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WAL-MART STORES, INC., and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFFS:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
NISHA BROWN and KATHY WILLIAMSON, individually and on behalf of all others similarly situated

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

E N D O R S E D
F I L E D
ALAMEDA COUNTY

JUN 1 1 2009

CLERK OF THE SUPERIOR COURT
By **BARBARA LAMOTTE**
Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia. Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br><br>Superior Court of California, County of Alameda<br>Rene C. Davidson Courthouse<br>1225 Fallon St<br>Oakland, CA 94612 | CASE NUMBER<br>*(Número del Caso)*:<br>**09457009** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

James F. Clapp (145814)           Tel: (858) 623-4200           Fax: (858) 623-4299
DOSTART CLAPP GORDON & COVENEY, LLP
4370 La Jolla Village Drive, Suite 970
San Diego, CA 92122

DATE: **JUN 1 1 2009**  **PAT S. SWEETEN**  Clerk, by ____**BARBARA LAMOTTE**____, Deputy
*(Fecha)*                                          *(Secretario)*                                   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Wal-Mart Stores, Inc.
   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 485
American LegalNet, Inc.
www.USCourtForms.com

1  JAMES F. CLAPP (145814)
   jclapp@sdlaw.com
2  MARITA MURPHY LAUINGER (199242)
   mlauinger@sdlaw.com
3  ZACHARIAH P. DOSTART (255071)
   zdostart@sdlaw.com
4  DOSTART CLAPP GORDON & COVENEY, LLP
   4370 La Jolla Village Drive, Suite 970
5  San Diego, California  92122-1253
   Tel:  858-623-4200
6  Fax: 858-623-4299

7  KEVIN J. McINERNEY (46941)
   kevin@mcinerneylaw.net
8  McINERNEY & JONES
   18124 Wedge Parkway #503
9  Reno, Nevada 89511
   Tel:  775-849-3811
10 Fax: 775-849-3866

11 MATTHEW RIGHETTI (121012)
   matt@righettilaw.com
12 RIGHETTI LAW FIRM, P.C.
   456 Montgomery Street, Suite 1400
13 San Francisco, California 94104
   Tel: 415-983-0900
14 Fax: 415-397-9005

15 Attorneys for Plaintiffs

16

17              SUPERIOR COURT OF THE STATE OF CALIFORNIA

18                 IN AND FOR THE COUNTY OF ALAMEDA

19

20 NISHA BROWN and KATHY          CASE NO. *RG*09457009
   WILLIAMSON, individually and on behalf of
21 all others similarly situated,    CLASS ACTION COMPLAINT FOR
                                     VIOLATION OF THE LABOR CODE
22            Plaintiffs,            PRIVATE ATTORNEYS GENERAL ACT
                                     OF 2004 (CAL. LAB. CODE SECTION
23 vs.                              2698 ET SEQ.)

24 WAL-MART STORES, INC., and DOES 1-
   50, inclusive,
25
              Defendants.
26

27

28

                                    1
   CLASS ACTION COMPLAINT FOR VIOLATION OF CAL. LAB. CODE SECTION 2698 ET SEQ.

ENDORSED
FILED
ALAMEDA COUNTY

JUN 11 2009

CLERK OF THE SUPERIOR COURT
By BARBARA LAMOTTE
                    Deputy

1    Plaintiffs Nisha Brown and Kathy Williamson, individually and on behalf of all others

2  similarly situated, alleges as follows:

3                                INTRODUCTION

4    1.    This is a class action and a representative action for recovery of penalties under the

5  California Labor Code Private Attorneys General Act of 2004 ("PAGA"), Cal. Lab. Code section

6  2698 et seq. PAGA permits an "aggrieved employee" to bring a lawsuit on behalf of herself and

7  other current and former employees to address an employer's violations of the California Labor

8  Code. In this case, defendants violated California Labor Code section 1198 and Wage Order 7-

9  2001, section 14 by failing to provide suitable seats to plaintiffs and other current and former

10  employees. Plaintiffs seek penalties on behalf of themselves and other current and former

11  employees of defendants as provided herein.

12    2.    Plaintiff Nisha Brown ("Brown") is an individual residing in the State of California.

13    3.    Plaintiff Kathy Williamson ("Williamson") is an individual, formally employed by

14  Wal-Mart Stores, Inc. in California, and currently residing in the State of Illinois.

15    4.    Defendant Wal-Mart Stores, Inc. is a Delaware corporation doing business in

16  Oakland, California.

17    5.    Plaintiffs do not know the names of those defendants sued as DOES 1 through 50

18  but will amend this complaint when they learn those names. Plaintiffs allege on information and

19  belief that each of the defendants is the agent, representative, successor, affiliate, officer, director,

20  employee, co-conspirator, or alter ego of each of the other defendants and is in some manner

21  responsible for the wrongdoing alleged herein. For the purposes of this complaint, the defendants

22  are collectively referred to as "Wal-Mart."

23    6.    Venue is proper in this judicial district because at least some of the alleged

24  wrongdoing occurred in this judicial district, and Wal-Mart has failed to designate a principal

25  business office in California.

26    7.    At all relevant times, plaintiffs were employed as Cashiers at Wal-Mart in

27  California. In connection with their job as a Cashier, plaintiffs regularly operated a cash register.

28  /////

8. Wage Order 7-2001, which covers businesses in the "mercantile industry" such as Wal-Mart, states: "All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats." Id., section. 14(a). Wal-Mart failed to provide its Cashiers, including plaintiffs, with seats, despite the fact that the nature of cashier work reasonably permits the use of seats.

## CLASS ALLEGATIONS

9. Class Definition: Plaintiffs bring this lawsuit on their own behalf and as a class action under Cal. Code Civ. Proc. section 382 and Fed. R. Civ. P. 23. The class ("Class") that plaintiffs seek to represent is defined as follows: "All persons who, during the applicable statute of limitations, were employed by Wal-Mart in the State of California in the position of Cashier, or similar position that regularly involves the operation of a cash register, and were not provided with a seat."

10. Ascertainable Class: The Class is ascertainable in that its members may be identified and located using information contained in Wal-Mart's personnel records.

11. Numerosity: The Class is so numerous that the individual joinder of all members is impractical under the circumstances of this case. Plaintiffs are informed and believe that the Class consists of well over 1,000 individuals.

12. Common Questions of Fact or Law: This lawsuit is suitable for class treatment because common questions of fact and law predominate over individual issues. Common questions include, but are not limited to, the following: (1) whether Wal-Mart is subject to the requirements of Wage Order 7-2001, section 14; (2) whether the job of a Cashier at Wal-Mart reasonably permits the use of a seat; (3) what type(s) of seat would be suitable; and (4) the amount of penalties that should be awarded under PAGA.

13. Typicality: Plaintiffs' claims are typical of the claims of Class members. Plaintiffs and the Class members were injured by Wal-Mart's common practice of failing to provide seats.

14. Adequacy. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs have no interests that are adverse to the interests of the Class.

/////

3

1      15.    <u>Superiority.</u>    A class action is superior to other available means for the fair and

2 efficient adjudication of this controversy, since individual joinder of all members of the Class is

3 impractical. Class action treatment will permit a large number of similarly situated persons to

4 prosecute their common claims in a single forum simultaneously, efficiently, and without

5 unnecessary duplication of effort and expense. Furthermore, the expenses and burden of

6 individualized litigation would make it difficult or impossible for individual members of the Class

7 to redress the wrongs done to them, while an important public interest will be served by

8 addressing the matter as a class action. Individualized litigation would also present the potential

9 for inconsistent or contradictory judgments.

10

11 **FIRST CAUSE OF ACTION**<br>(Violation of PAGA)

12

13      16.    Plaintiffs incorporate by reference the allegations set forth above.

14      17.    California Labor Code section 1198 makes it illegal to employ an employee under

15 conditions of labor that are prohibited by the applicable wage order. By failing to provide

16 plaintiffs and the other Class members with seats, in violation of Wage Order 7-2001, section 14,

17 Wal-Mart violated Lab. Code section 1198.

18      18.    PAGA permits an "aggrieved employee" to recover penalties on behalf of himself

19 or herself and other current or former employees as a result of the employer's violations of certain

20 sections of the California Labor Code. Plaintiffs are aggrieved employees, in that plaintiffs were

21 employed by Wal-Mart and were not provided with a seat, in violation of Lab. Code section 1198

22 and Wage Order 7-2001, section 14. A violation of Lab. Code section 1198 gives rise to private

23 right of action under PAGA.

24      19.    Plaintiffs have complied with the PAGA notice provision set forth in Cal. Lab.

25 Code section 2699.3(a)(1). The Labor and Workforce Development Agency has not provided

26 plaintiffs with notice that it intends to investigate this violation, although 33 calendar days have

27 elapsed since the postmark date of plaintiffs' notice. Accordingly, plaintiffs are entitled to

28 commence this action.

4

CLASS ACTION COMPLAINT FOR VIOLATION OF CAL. LAB. CODE SECTION 2698 <u>ET SEQ.</u>

1      20.    Plaintiffs request penalties against Wal-Mart as provided under Lab. Code section

2  2699(f), plus reasonable attorneys' fees and costs, in amounts to be proved at trial.

3

4                                 __PRAYER__

5      WHEREFORE, plaintiffs request entry of judgment, on behalf of themselves and the other

6  Class members, against each defendant, jointly and severally, as follows:

7        1.    For penalties according to proof;

8        2.    For reasonable attorneys' fees and costs of suit; and

9        3.    For such other relief that the Court deems proper.

10

11  Dated: June /°, 2009          DOSTART CLAPP GORDON & COVENEY, LLP

12

13                              JAMES F. CLAPP

14                              Attorneys for Plaintiffs

15  83533.1

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT FOR VIOLATION OF CAL. LAB. CODE SECTION 2698 ET SEQ.

# EXHIBIT B

PLD-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

DENNIS M. BROWN, STATE BAR NO. 126576
MARLENE S. MURACO, STATE BAR NO. 154240
LITTLER MENDELSON, P.C.
50 W. SAN FERNANDO, 15TH FL., SAN JOSE, CA 95113
TELEPHONE NO.: 408-998-4150    FAX NO. *(Optional):* 408-288-5686
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*    DEFENDANT, WAL-MART STORES, INC.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS:    1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE:    Oakland, CA 94612
BRANCH NAME:

**ENDORSED
FILED
ALAMEDA COUNTY**

JUL 2 1 2009

CLERK OF THE SUPERIOR COURT
By _____
                                        Deputy

PLAINTIFF/PETITIONER: NISHA BROWN and KATHY WILLIAMSON

DEFENDANT/RESPONDENT: WAL-MART STORES, INC.

| GENERAL DENIAL | CASE NUMBER: RG09457009 |
|---|---|

If you want to file a general denial, you MUST use this form if the amount asked for in the complaint or the value of the property involved is $1,000 or less.

You MAY use this form for a general denial if:
1. The complaint is not verified; *or*
2. The complaint is verified and the case is a limited civil case (the amount in controversy is $25,000 or less),
   BUT NOT if the complaint involves a claim for more than $1,000 that has been assigned to a third party for collection.

(See Code of Civil Procedure sections 85–86, 90–100, 431.30, and 431.40.)

1. DEFENDANT *(name):* WAL-MART STORES, INC.
   generally denies each and every allegation of plaintiff's complaint.

2. ☒    DEFENDANT states the following FACTS as separate affirmative defenses to plaintiff's complaint *(attach additional pages if necessary):*
   See attached Affirmative Defenses.

BY FAX

Date: July 21, 2009

MARLENE S. MURACO
(TYPE OR PRINT NAME)
                                    ▶    _____
                                          (SIGNATURE OF DEFENDANT OR ATTORNEY)

Firmwide:91041576.1 015602.6736

Form Adopted for Mandatory Use
Judicial Council of California
PLD-050 [Rev. January 1, 2009]

**GENERAL DENIAL**

Code of Civil Procedure, §§ 431.30, 431.40
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

1  *NISHA BROWN, et al. v. WAL-MART STORES, INC., et al.*

2  **Alameda County Superior Court**

3  **Case No. RG09457009**

4  **AFFIRMATIVE DEFENSES**

5        Defendant Wal-Mart Stores, LLC. (hereinafter "Defendant") states the following

6  facts as separate affirmative defenses to each of the allegations of Plaintiffs' Complaint:

7        AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

8  EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

9        That the Complaint fails to state a claim upon which relief can be granted.

10        AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

11  EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

12        That Plaintiffs lack standing to bring claims for civil penalties on behalf of others

13  because they are not aggrieved employees pursuant to Labor Code section 2698, *et seq.*

14        AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

15  EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

16        That penalties under the Labor Code Private Attorneys General Act, Labor Code

17  section 2698 *et seq.*, cannot be determined on a class-wide basis.

18        AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

19  EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

20        That prosecution of this action by Plaintiffs and the putative class members as a class

21  and/or as a representative action would constitute a denial of Defendant's substantive and procedural

22  due process rights under the Fourteenth Amendment of the United States Constitution and under the

23  Constitution and laws of the State of California.

24        AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

25  EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

26        That Plaintiffs and the putative class members they seek to represent would be unjustly

27  enriched if allowed to recover on the Complaint.

28

LITTLER MENDELSON
* Professional Corporation
D W San Fernando 15th Floor
San Jose CA 95113 2303
408 998 4150

Firmwide:90916211.1 800000.1000                    Case No. RG09457009

AFFIRMATIVE DEFENSES

1   AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

2   EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

3   That Plaintiffs' claims for statutory penalties are barred because the provision of

4   California law allowing the award of statutory penalties, and the substantive rules, procedures and

5   standards for determining whether or not to award them, and, if so, in what amount, violate

6   Defendant's rights to due process and equal protection under the United States and California

7   Constitutions.

8   AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

9   EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

10   That Plaintiffs failed to provide the Labor Workforce Development Agency (LWDA)

11   sufficient notice of their claims, the names of the "aggrieved employees" on whose behalf they intend to

12   seek penalties, and/or the facts underlying their claims to permit the LWDA to make a reasoned

13   determination regarding whether to investigate and thus Plaintiffs' notice was deficient and the Court

14   lacks jurisdiction over their claims for violation of the Labor Code Private Attorneys General Act,

15   Labor Code section 2698 *et seq.*

16   AS AN EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

17   EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

18   That the claims of Plaintiffs and the putative class members they seek to represent are

19   barred by the applicable statutes of limitations, including but not limited to, California Code of Civil

20   Procedure section 340.

21   AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

22   EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

23   That Plaintiffs' claims for statutory penalties constitute an excessive fine in violation

24   of the Eighth Amendment of the United States Constitution.

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
5 W. San Fernando, 15th Floor
San Jose, CA  95113 2303
408.998.4150

Firmwide:90916211.1 800000.1000                    2                    Case No. RG09457009

AFFIRMATIVE DEFENSES

1      AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH AND

2    EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

3      That California Labor Code section 1198 is unconstitutionally vague, and therefore,

4    the imposition of penalties against Defendant pursuant to a violation of Labor Code section 1198

5    violates Defendant's due process rights.

6      AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO EACH

7    AND EVERY CAUSE OF ACTION SET FORTH IN THE COMPLAINT, Defendant alleges:

8      That Section 14 of California Wage Order No. 7 -2001, 14 Cal. Admin. Code §11070,

9    is unconstitutionally vague, and therefore, the imposition of penalties against Defendant pursuant to

10   any violation of said wage order violates Defendant's due process rights.

11     Defendant does not presently know all facts respecting the conduct of Plaintiffs and

12   the putative class members they seek to represent sufficient to state all affirmative defenses at this

13   time.   Defendant reserves the right to amend this Answer should they later discover facts

14   demonstrating the existence of additional affirmative defenses.

15     WHEREFORE, Defendant prays for judgment against Plaintiffs as follows:

16     1.    For an order dismissing Plaintiffs' claims with prejudice, and entering

17   judgment in favor of Defendant and against Plaintiffs;

18     2.    For all reasonable costs and attorneys' fees incurred by Defendant in

19   connection with the defense of this matter; and

20     3.    For such other and further relief as the Court in the exercise of its discretion

21   deems just and proper.

22

23   Dated: July 21, 2009

24                                    _____
                                      MARLENE S. MURACO
25                                    LITTLER MENDELSON
                                      A Professional Corporation
26                                    Attorneys for Defendant
                                      Wal-Mart Stores, Inc.
27

28

LITTLER MENDELSON
A Professional Corporation
0 W  San Fernando  15th Floor
San Jose  CA  95113 2303
408 998 4150

Firmwide:90916211.1 800000.1000                          3                          Case No. RG09457009
                                      AFFIRMATIVE DEFENSES

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 50 W. San Fernando, 15th Floor, San Jose, California 95113.2303. On July 21, 2009, I served the within document(s):

### GENERAL DENIAL

☐ by facsimile transmission at or about _____ on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 408.288.5686. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at San Jose, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by personally delivering a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

James F. Clapp
DOSTART CLAPP GORDON & COVENEY, LLP
4370 La Jolla Village Drive., Suite 970
Sam Diego, CA 92122

I am readily familiar with the firm's practice of collection and processing correspondence for mailing and for shipping via overnight delivery service. Under that practice it would be deposited with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed July 21, 2009, at San Jose, California.

Lynda S. Vargem

Firmwide:91060513.1 015602.6736

Case No. RG09457009

LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando 15th Floor
San Jose CA 95113 2303
408 998 4150

PROOF OF SERVICE