1  DENNIS M. BROWN, Bar No. 126575
   dmbrown@littler.com
2  MARLENE S. MURACO, Bar No. 154240
   mmuraco@littler.com
3  KARIN M. COGBILL, Bar No. 244606
   kcogbill@littler.com
4  LITTLER MENDELSON
   A Professional Corporation
5  50 W. San Fernando, 15th Floor
   San Jose, CA  95113.2303
6  Telephone:    408.998.4150

7  Attorneys for Defendant
   WAL-MART STORES, INC.

8

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11                 SAN JOSE DIVISION

12 | NISHA BROWN and KATHY WILLIAMSON, individually and on behalf of all others similarly situated, | Case No.  C09-03339-JW

13 | | **STIPULATED PROTECTIVE ORDER RE: DISCOVERY**

14 | Plaintiffs, |

15 | v. |

16 | WAL-MART STORES, INC., and DOES 1-50, inclusive, |

17 | |

18 | Defendants. |

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

Firmwide:94893365.2 015602.6736

STIPULATED PROTECTIVE ORDER RE: DISCOVERY

The parties to this action, Plaintiffs Nisha Brown and Kathy Williamson ("Plaintiffs") and Defendant Wal-Mart Stores, Inc. ("Defendant"), through their respective counsel, hereby stipulate and request that the Court enter a mutual protective order pursuant to Federal Rule of Civil Procedure 26 as follows:

1.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, propriety, financial, technical, scientific, personnel, business or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  Accordingly, the parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      DEFINITIONS

2.1     Party:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staff).

2.2     Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3     "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards development under F.R.Civ.P. 26(c).  Such information shall include the following:

(a) Any and all documents referring or related to confidential and propriety human resources or business information; financial records of the parties; compensation of Defendant's

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

Firmwide:94893365.2 015602.6736

STIPULATED PROTECTIVE ORDER RE: DISCOVERY

1    current for former personnel; policies, procedures and/or training materials of Defendant;

2    and/or Defendant's organizational structure;

3    (b) Any documents from the personnel, medical or workers' compensation file of any current

4    for former employee or contractor;

5    (c) Any documents relating to the medical and/or health information of any of Defendant's

6    current or former employees or contractors.

7    2.4    <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>:   extremely

8    sensitive "Confidential" Information or Items whose disclosure to another Party or non-party would

9    create a substantial risk of serious injury that could not be avoided by less restrictive means.

10    2.5    <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a

11    Producing Party.

12    2.6.    <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material

13    in this action.

14    2.7.    <u>Designating Party</u>: a Party or non-party that designates information or items that it

15    produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential –

16    Attorneys' Eyes Only."

17    2.8.    <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as

18    "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

19    2.9.    <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to

20    represent or advise a Party in this action.

21    2.10.    <u>House Counsel</u>: attorneys who are employees of a Party.

22    2.11.    <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their

23    support staff).

24    2.12.    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the

25    litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a

26    consultant in this action and who is not a past or a current employee of a Party or of a competitor of

27    a Party's and who, at the time of retention, is not anticipated to become an employee of a Part or a

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

Firmwide:94893365.2 015602.6736

competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.13.  Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.    DURATION AND USE

Even after the termination of this litigation, the confidentiality obligations imposed by this Stipulation and Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.    DESIGNATING PROTECTED MATERIAL

5.1.  Exercise of Restraint and Reasonable Care in Designating Material for Protection.

Each Party or non-party that designates information or items for protection under this Stipulation and Order must take reasonable care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take reasonable care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify — so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

Firmwide:94893365.2 015602.6736

STIPULATED PROTECTIVE ORDER RE: DISCOVERY

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Stipulation and Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Stipulation and Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the top or bottom of each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY").

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY".  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY") at the top or bottom of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY").

(b)     <u>for testimony given in deposition or in other proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

Firmwide:94893365.2 015602.6736

STIPULATED PROTECTIVE ORDER RE: DISCOVERY

the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony shall have twenty (20) business days after the transcript of such deposition or hearing is available to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY".)

Transcript pages containing Protected Material shall be separately bound by the court reporter, who shall affix to conspicuously on each such page the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c)      for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions. Specify whether they qualify as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

5.3      Inadvertent Failures to Designate.   If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.   If Documents containing Confidential Information are inadvertently or mistakenly disclosed, the parties agree that the Producing Party may request the return of such Documents or materials within fifteen (15) business days after the discovery of their inadvertent or mistaken disclosure to allow the designation of the Documents or materials as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" consistent with the provisions of this Order.  If the Receiving Party fails to return such Documents or materials, the Producing Party may move the Court for an Order compelling their return.

Firmwide:94893365.2 015602.6736

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

STIPULATED PROTECTIVE ORDER RE: DISCOVERY

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

        6.1.    <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

        6.2.    <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged, or in the event of non-cooperation attempted to engage, in this meet and confer process first.

        6.3.    <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party must notify the Designating party of its continued objection, including the identity of the specific document(s) at issue.  If, following the meet and confer process pursuant to Section 6.2, the Designating Party continues to maintain that the confidentiality designation is appropriate, the Designating Party shall, within a reasonable period of time following the completion of the meeting and confer process  file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5) that identifies the challenged material and sets forth in detail the basis for the chosen designation.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  In opposition to the motion, the challenging party must set forth in detail the basis for its challenge to the designation(s).  The challenging party may not require that a motion be filed unless it in good faith intends to oppose the disputed designation.

Firmwide:94893365.2 015602.6736

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

STIPULATED PROTECTIVE ORDER RE: DISCOVERY

1    The burden of persuasion in any such challenge proceeding shall be on the Designating

2    Party.  Until the court rules on the challenge, all parties shall continue to afford the material in

3    question the level of protection to which it is entitled under the Producing Party's designation.

4    7.    ACCESS TO AND USE OF PROTECTED MATERIAL

5        7.1.    Basic Principles. A Receiving Party may use Protected Material that is disclosed or

6    produced by another Party or by a non-party in connection with this case only for prosecuting,

7    defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

8    the categories of persons and under the conditions described in this Order.  When the litigation has

9    been terminated, a Receiving Party must comply with the provisions of Section 11, below (FINAL

10   DISPOSITION).

11       Protected Material shall be stored and maintained by a Receiving Party at a location and in a

12   secure manner that reasonably ensures that access is limited to the persons authorized under this

13   Order.

14       7.2.    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by

15   the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any

16   information or item designated CONFIDENTIAL only to:

17           (a)    the Receiving Party's Counsel;

18           (b)    the officers, directors, and employees of the Receiving Party to whom

19   disclosure is reasonably necessary for this litigation and who have signed the "Agreement to be

20   Bound by Protective Order" that is attached hereto as Exhibit A;

21           (c)    experts (as defined in this Order) of the Receiving Party to whom disclosure is

22   reasonably necessary for this litigation and who have signed the "Agreement to be Bound by

23   Protective Order" that is attached hereto as Exhibit A;

24           (d)    the Court and its personnel;

25           (e)    court reporter, their staffs, and professional vendors to whom disclosures is

26   reasonably necessary for this litigation;

27           (f)    during their depositions, witnesses in the action to whom disclosures is

28   reasonably necessary for this litigation and who have signed the "Agreement to be Bound by

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

Firmwide:94893365.2 015602.6736

STIPULATED PROTECTIVE ORDER RE: DISCOVERY

Protective Order" that is attached hereto as Exhibit A.  Pages of transcribed deposition testimony or exhibits to deposition that reveal Protected Material shall be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

        (g)    the author of the document or the original source of the information.

    7.3.   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

        (a)    the Receiving Party's Counsel;

        (b)    the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to be Bound by Protective Order" that is attached hereto as Exhibit A;

        (c)    experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to be Bound by Protective Order" that is attached hereto as Exhibit A;

        (d)    the Court and its personnel;

        (e)    court reporter, their staffs, and professional vendors to whom disclosures is reasonably necessary for this litigation;

        (f)    the author of the document or the original source of the information.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party shall notify the Designating Party, in writing (by fax, if possible) promptly and in no event more than three court days after receiving the subpoena or order but before the scheduled date for production. Such notification shall include a copy of the subpoena or court order.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

Firmwide:94893365.2 015602.6736

The Receiving Party shall also immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation or proceeding that some or all the material covered by the subpoena or order is the subject to this Protective Order.  In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.     FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11.     FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days (60) after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies,

Firmwide:94893365.2 015602.6736

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12.    <u>MISCELLANEOUS</u>

12.1.    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2.    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

Dated: April 16, 2010

                    /s/ Marlene S. Muraco
                    MARLENE S. MURACO
                    LITTLER MENDELSON
                    A Professional Corporation
                    Attorneys for Defendant
                    WAL-MART STORES, INC.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

Firmwide:94893365.2 015602.6736

STIPULATED PROTECTIVE ORDER RE: DISCOVERY

1    Dated: April 16, 2010

2
                                    /s/ Matthew Righetti
3                                   MATTHEW RIGHETTI
                                    RIGHETTI LAW FIRM, P.C.
4                                   Attorneys for Plaintiffs
                                    NISHA BROWN and KATHY
5                                   WILLIAMSON

6

7    **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

8
     
9    DATED:   *4/27/10*
                                    *Patricia V. Trumbull*
10                                  U.S. Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Firmwide:94893365.2 015602.6736

STIPULATED PROTECTIVE ORDER RE: DISCOVERY

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____ [print or type full name],

of _____ [print or type full company name and address],

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued by the United Stated District Court of the Northern District of

California on _____ [date] in the case of *Nisha Brown, et. al. v. Wal-Mart Stores, Inc.,* Case

No. C09-03339 JW.  I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in

any manner any information or item that is subject to this  Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United Stated District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

Date:  _____

City and State where sworn and signed: _____

Printed name:_____

Signature: _____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

Firmwide:94893365.2 015602.6736

STIPULATED PROTECTIVE ORDER RE: DISCOVERY