1  DENNIS M. BROWN, Bar No. 126575
    dmbrown@littler.com
2  MARLENE S. MURACO, Bar No. 154240
    mmuraco@littler.com
3  KARIN M. COGBILL, Bar No. 244606
    kcogbill@littler.com
4  LITTLER MENDELSON
    A Professional Corporation
5  50 W. San Fernando, 15th Floor
    San Jose, CA  95113.2303
6  Telephone:    408.998.4150

7  Attorneys for Defendant
    WAL-MART STORES, INC.

8

9              UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA

11                SAN JOSE DIVISION

| | |
|---|---|
| 12  NISHA BROWN and KATHY WILLIAMSON, individually and on behalf 13  of all others similarly situated,<br><br>14           Plaintiffs,<br><br>15    v.<br><br>16  WAL-MART STORES, INC., and DOES 1-50, inclusive,<br><br>17           Defendants. | Case No.  C09-03339-JW<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO FED. R. CIV. P. 12(C), OR IN THE ALTERNATIVE MOTION TO STAY PROCEEDINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      October 18, 2010<br>Time:      9:00 a.m.<br>Location:  Courtroom 8, 4th Floor<br>Honorable James Ware |

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

Firmwide:95051508.1 015602.6736

# TABLE OF CONTENTS

**Page**

I.  RELEVANT BACKGROUND ...................................................................................2

II.  MOTION FOR JUDGMENT ON THE PLEADINGS IS APPROPRIATE..........................2

    A.  PAGA Provides for the Recovery of Civil Penalties In Specific Situations..................3

    B.  PAGA Applies Only to Provisions of the Labor Code and Wage Order
        Section 14(A) is Not Incorporated Into Labor Code Section 1198 ...............................4

    C.  Alternatively, Even If a Violation of Wage Order 7-2001, Section 14(A)
        Constitutes a Violation of Labor Code 1198, Plaintiffs Cannot Recover PAGA
        Penalties Pursuant to Section 2699(f) Since The Wage Order Already
        Establishes A Penalty For Violation Of Its Terms. .......................................................6

III.  ALTERNATIVELY, THE COURT SHOULD STAY THE PRESENT ACTION PENDING
     RESOLUTION OF THE APPEAL  IN THE *99¢ ONLY STORES* MATTER........................8

    1.  The Only Potential Harm to Plaintiffs From A Stay is a Delay in Collecting
        Penalties. .....................................................................................................................9

    2.  Hardship to Wal-Mart Will Result if a Stay is Not Granted. ......................................10

    3.  Resolution of *99¢ Stores Only* Matter Will Simplify Questions of Law,
        and Necessarily Simplify the Resolution of This Case. ................................................11

IV.  CONCLUSION ...................................................................................................................12

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

Firmwide:95051508.1 015602.6736

i

1

## TABLE OF AUTHORITIES

2

### CASES

3
*Ariz. Elec. Power Coop., Inc. v. Berkely*
   59 F.3d 988 (9th Cir. 1995) ...........................................................................................11

4
*Bright v. 99¢ Only Stores*, No. BC 415527 (Los Angeles Super. Ct. October 15, 2009).....passim

5
*Brinker Restaurant Corp. v. Superior Court*
   165 Cal.App.4th 25 (2008) .............................................................................................11

6

7
*Caliber Bodyworks, Inc. v. Superior Court*
   134 Cal.App.4th 365 (2005) ..............................................................................................4

8
*Cicairos v. Summit Logistics, Inc.*
   1333 Cal.App.4th 949 (2005) ............................................................................................6

9
*Clinton v. Jones*
   520 U.S. 681 (1997) ..........................................................................................................8

10
*CMAX, Inc. v. Hall*
   300 F.2d 265 (9th Cir. 1962) .......................................................................................9, 10

11

12
*Fuller v. Amerigas Propane, Inc.*
   2009 U.S. Dist. LEXIS 71413 (N.D. Cal. 2009) ......................................................9, 10, 11

13
*Hal Roach Studios v. Richard Feiner & Co.*
   896 F.2d 1542 (9th Cir. 1990) ...........................................................................................3

14
*Hamilton v. San Francisco Hilton, Inc.*
   No. 04-431310 (S.F. Super. Ct. Sept. 8, 2005)................................................................7, 8

15
*Hazelwood v. Hazelwood*
   57 Cal.App.3d 693, (1976) .................................................................................................4

16

17
*In re Kirkland*
   915 F.2d 1236, 1239 (9th Cir. 1990) ...............................................................................11

18
*Jensen Family Farms, Inc. v. Monterey Bay Unified Air Pollution Control Dist.*
   2009 U.S. Dist. LEXIS 70855 (N.D. Cal. 2009) ...............................................................3

19
*Landis*, 299 U.S. at 254................................................................................................................8

20
*Lew v. Countrywide Finacial Corp.*
   2009 U.S. Dist. LEXIS 56191 (N.D. Cal. Feb. 24, 2009) ................................................11

21
*Lewis v. Tel. Employees Credit Union*
   87 F.3d 1537 (9th Cir. 1996) ...........................................................................................11

22
*Leyva v. Certified Grocers of California, Ltd.*
   593 F.2d 857 (9th Cir. 1979) .............................................................................................9

23

24
*Lockyer v. Mirant Corp.*
   398 F.3d 1098 (9th Cir. 2005) ...............................................................................8, 9, 10

25
*McCollough v. Minnesota Lawyers Mutual Insurance Company*
   2009 U.S. Dist. LEXIS 124555 ......................................................................................10

26
*Nanometics v. Nova Measuring Instruments, Ltd.*
   2007 U.S. Dist. LEXIS 18785 (2007) .............................................................................10

27
*New. Net, Inc. v. Lavasoft*
   356 F. Supp. 2d 1090 (C.D. Cal. 2004).............................................................................3

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

Firmwide:95051508.1 015602.6736

ii

MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE MOTION TO STAY

1

**OTHER AUTHORITIES**

Wage Order 7-2001, Section 14. ..................................................................................5

2

3

**RULES**

Federal Rule of Civil Procedure 12 ...........................................................................2

4

**CODE SECTION**

5

California Labor Code § 1198....................................................................... 2, 5, 6, 8

California Labor Code Section 2699 .............................................................2, 3, 4

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

Firmwide:95051508.1 015602.6736

iii.

MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE MOTION TO STAY

1

**NOTICE OF MOTION AND MOTION**

2

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

3          PLEASE TAKE NOTICE that on October 18, 2010, at 9:00 a.m., or as soon

4   thereafter as the matter may be heard in Courtroom 8, 4th Floor of the District Court of the Northern

5   District of California, located at 280 South First Street, San Jose, CA 95113, before the Honorable

6   James Ware, Defendant Wal-Mart Stores, Inc., (hereafter "Wal-Mart" or "Defendant") will move for

7   judgment on the pleadings with respect to Plaintiffs' Complaint pursuant to Federal Rule of Civil

8   Procedure 12(c).  In addition, and in the alternative, Defendant moves to stay the present action

9   during the pendency of the appeal in the case of *Bright v. 99¢ Only Stores*, No. BC 415527 (Los

10  Angeles Super. Ct. October 15, 2009), currently before the Court of Appeal of the State of

11  California, Second Appellate District, Case No. B220016.

12          This Motion is based on this Notice, the Memorandum of Points and Authorities in

13  support thereof, the Declaration of Keith Hanleigh the papers and pleadings on file in this case, and

14  all other evidence and argument as may be presented at the hearing on the motion.

15

16  Dated: April 26, 2010

17

18

19                                        /s/ Karin M. Cogbill
                                          KARIN M. COGBILL
20                                        LITTLER MENDELSON
                                          A Professional Corporation
21                                        Attorneys for Defendant
                                          WAL-MART STORES, INC.

22

23

24

25

26

27

28

Firmwide:95051508.1 015602.6736

MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE MOTION TO STAY

## MEMORANDUM OF POINTS AND AUTHORITIES

On its face, Plaintiffs' Complaint appears simple enough: they allege that while working as Cashiers for Wal-Mart, the Company failed to provide them with seats. They contend that this is a violation of Section 14(A) of California Wage Order 7-2001 because it is their belief that the nature of the work they performed as Cashiers reasonably permitted the use of seats. Plaintiffs' sole cause of action for not being provided with seats is a claim for the recovery of penalties under California's Private Attorney General Act (PAGA), Cal. Lab. Code § 2698 et seq. Further review of the legal basis asserted for the alleged right to recover penalties under PAGA, however, demonstrates that Plaintiffs cannot state a claim for relief. By its own terms, PAGA does not apply directly to violations of the Wage Order, and even if, as Plaintiffs allege, a violation of Section 14(A) is bootstrapped into PAGA by way of a Labor Code violation, the penalties provided by PAGA are not available to Plaintiffs. Since they cannot establish any legal right to the penalties they seek to recover, Plaintiffs' Complaint is subject to judgment on the pleadings in favor of Wal-Mart.

In the alternative, Wal-Mart requests that the Court exercise its judicial discretion and stay this action pending the resolution of the appeal of a California state case which is directly on point. In the past year, opposing counsel have filed at least 6 other actions against California retailers to recover PAGA penalties based on the alleged failure to provide seats to certain employees.[1] The defendants in several of these cases have raised legal challenges to the viability of the plaintiffs' claims, with varying results. In *Bright v. 99¢ Only Stores*, Judge Lavin of the Los Angeles County Superior Court granted the defendant's demurrer without leave to amend, holding that Section 14 of the Wage Order does not serve the prohibitory function necessary to give rise to a Labor Code section 1198 violation; and furthermore that the plaintiff could not state a claim

---

[1]    Defendant understands that counsel for Plaintiffs have also filed the following actions asserting essentially identical claims against varying retailers: *Hall v. Rite Aid Corp*., No. 37-2009-00087938-CU-OE-CTL (S.D. Super. Ct. filed April 17, 2009); *Currie-White v. Blockbuster, Inc.*, No. 09-2593 (MMC) (N.D. Cal. Removed June 11, 2009); *Bright v. 99¢ Only Stores*, No. BC415527 (L.A. Super. Ct. filed June 11, 2009, on appeal before the 2nd Appellate District, Case No. B220016); *Harris v. Home Depot USA, Inc.*, No. BC415774 (L.A. Super. Ct. filed June 15, 2009); *Murphy v. Target Corp.*, No. 09 CV 1436 BEN (NLS) (S.D. Cal. removed to July 2, 2009); *Kilby v. CVS Pharmacy, Inc.*, No. 09-2051 (L CAB) (S.D. Cal. filed Sept. 18, 2009).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

Firmwide:95051508.1 015602.6736                1

MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE MOTION TO STAY

for penalties.  Plaintiff Bright filed a notice of appeal with the California Court of Appeal, Second Appellate District.  His Opening Brief was filed March 4, 2010.  Although not binding on this Court, the Court of Appeal's decision in *99¢ Only Stores* will be the first decision by an appellate court to address the interplay between the relevant wage order provision, the Labor Code and the PAGA, an issue that directly bears upon the viability of the claims Plaintiffs are seeking to pursue herein.  Accordingly, a discretionary and discrete stay of this matter is appropriate pending the issuance of that decision.

## I.      RELEVANT BACKGROUND

Prior to filing their Complaint, Plaintiffs Nisha Brown and Kathy Williamson, worked as Cashiers at Wal-Mart.[2]  They allege that "in connection with their job as a Cashier, [they] regularly operated a cash register." Complaint at ¶7.  Plaintiffs further allege that "Wal-Mart failed to provide its Cashiers, including plaintiffs, with seats, despite the fact that the nature of cashier work reasonably permits the use of seats," and that by failing to provide them with seats in accordance with Section 14(A) of the Wage Order, Wal-Mart violated California Labor Code section 1198.  *Id.* at ¶8, 17.  Plaintiffs further allege that Wal-Mart's violation of Section 1198 "gives rise to a private right of action under PAGA" and entitles them to the penalties provided for in California Labor Code Section 2699(f).  *Id.* at ¶18, 20.  Plaintiffs seek to represent a class of "all persons who, during the applicable statute of limitations, were employed by Wal-Mart in the State of California in the position of Cashier, or similar position that regularly involves the operation of a cash register, and were not provided with a seat." *Id.* at ¶9.

## II.     MOTION FOR JUDGMENT ON THE PLEADINGS IS APPROPRIATE

Federal Rule of Civil Procedure 12(c) provides that any party may move for judgment on the pleadings at any time after the pleadings are closed, but within such time as not to delay the trial.  Fed. R. Civ. P. 12(c).  The standard applied on Rule 12(c) motions is essentially the same as applied on motions brought pursuant to Federal Rule of Civil Procedure 12(b)(6): judgment on the pleadings is appropriate when even if all material facts in the pleading under attack are true, the

---

[2]      Several months after the Complaint was filed, Plaintiff Brown applied for, and was rehired as a part-time Cashier for Wal-Mart.

LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

Firmwide:95051508.1 015602.6736                    2.

MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE MOTION TO STAY

moving party is entitled to judgment as a matter of law.  *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990).  "When brought by the defendant, a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is a 'means to challenge the sufficiency of the complaint after an answer has been filed.'" *Jensen Family Farms, Inc. v. Monterey Bay Unified Air Pollution Control Dist.*, 2009 U.S. Dist. LEXIS 70855 (N.D. Cal. 2009) (quoting *New. Net, Inc. v. Lavasoft*, 356 F. Supp. 2d 1090, 1115 (C.D. Cal. 2004)).  A motion for judgment on the pleadings is appropriate in this matter because Plaintiffs have failed to state a claim upon which relief can be granted.

## A.    PAGA Provides for the Recovery of Civil Penalties In Specific Situations

The Private Attorneys General Act of 2004 permits aggrieved employees to recover civil penalties in two specific instances.  First, an aggrieved employee is permitted to step into the shoes of the Labor Workforce Development Agency (LWDA) and recover those penalties previously attainable by the LWDA as follows:

> (a) Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

Labor Code §2699(a).

Second, an aggrieved employee can recover penalties for violations of the Labor Code in those instances where no civil penalty was previously provided:

> (f)  For all provision of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows:
>
> * * *
>
> (2)  If at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employer per pay period for each subsequent violation.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

Firmwide:95051508.1 015602.6736

3.

MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE MOTION TO STAY

*See* Labor Code §2699(f). Section 2699(f) creates what are commonly known as "stop gap" or "fall back" penalties. The fixed penalties of Section 2699 are therefore available only when no other penalty has been provided. As such, if a civil penalty is already provided for a particular offense, then the aggrieved employee is limited to the recovery of those penalties and cannot avail himself of the "stop gap" or "fall back" penalties of Section 2699(f).

PAGA, therefore, provides for the recovery of penalties only in those situations where penalties were previously recoverable by the LWDA, or where a provision of the Labor Code did not otherwise provide for a penalty:

> The Legislature adopted [PAGA] in 2003, effective January 1, 2004, to prescribe a civil penalty for existing Labor Code sections for which no civil penalty has otherwise been established and to allow aggrieved employees. . .to bring a civil action to collect civil penalties for Labor Code violations previously only available in enforcement actions initiated by the state's labor law enforcement agencies.

*Caliber Bodyworks, Inc. v. Superior Court*, 134 Cal.App.4th 365, 374 (2005).

**B.  PAGA Applies Only to Provisions of the Labor Code and Wage Order Section 14(A) is Not Incorporated Into Labor Code Section 1198**

By its own terms, PAGA provides an aggrieved employee with the ability to recover civil penalties for violations of the Labor Code *only*. *See* Labor Code § 2699(a) ("any provision of **this code** that provides for a civil penalty..."); § 2699(f) ("For all provision of **this code** except... established a civil penalty for a violation of **these provisions**...") (emphasis added.) The words of a statute must be given their ordinary meaning unless a different meaning is clearly intended. *Hazelwood v. Hazelwood*, 57 Cal.App.3d 693, 698 (1976). Nowhere in the Labor Code does it state that an employer is required to provide employees with seats. Instead, the basis for Plaintiffs' claim that they were entitled to seats is Section 14 of *Wage Order* 7-2001:

> (A)  All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats.

> (B) When employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonably proximity to the work area and employees shall be permitted to use such seats when it

LITTLER MENDELSON
A Professional Corporation
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

Firmwide:95051508.1 015602.6736                                  4.

MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE MOTION TO STAY

1    does not interfere with the performance of their duties.

2  Wage Order 7-2001, Section 14.

3            Wage Orders are regulations published by the Department of Industrial Relations, and

4  are not sections or provisions of the Labor Code.  Therefore, by its express terms, a violation of

5  Section 14 of the Wage Order would not constitute "*a violation of these provisions* [of the Labor

6  Code]" for which penalties under Section 2699(f) are available.  In order to circumvent this obvious

7  problem, and find "a violation of these provisions" as required by Section 2699(f), Plaintiffs rely on

8  Labor Code Section 1198, which provides in its entirety, that:

9            The maximum hours of work and the standard conditions of labor
             fixed by the commission shall be the maximum hours of work and the
10           standard conditions of labor for employees.  The employment of any
             employee for longer hours than those fixed by the order or under
11           conditions of labor prohibited by the order is unlawful.

12

13  California Labor Code § 1198.

14           Notably absent from the language of Section 1198 is any mention of "seats" or

15  "chairs" or a requirement to provide such items to employees.  Therefore, in order to bring

16  Defendant's alleged violation of Section 14(A) of the Wage Order within the confines of PAGA,

17  Plaintiffs have bootstrapped it into a violation of Section 1198, and thus claim entitlement to the

18  penalties provided by Section 2699(f).  Plaintiffs' reasoning is only valid if Section 1198 does in fact

19  incorporate the entire Wage Order, including section 14(A) -- which it does not.

20           Section 1198 makes it unlawful for an employer to employ any "employee for longer

21  hours than those fixed by the order or under conditions of labor prohibited by the order."  There is no

22  dispute therefore that Section 1198 incorporates and covers those portions of the Wage Order that set

23  or regulate working hours or that affirmatively prohibit certain working conditions.  The Wage

24  Order's seat provision, however, does not prohibit anything.  "Rather, Section 14(A) [of the Wage

25  Order] states that 'employees shall be *provided* with suitable seats when the nature of the work

26  reasonably permits the use of seats.'"  *Bright v. 99¢ Only Stores*, No. BC415527 (L.A. Super. Ct.

27  October 15, 2009.) (emphasis added.)[3]  Since Section 14(A) creates a reasonableness standard for

28  ─────────────
    [3]      *See* Ruling on Defendant's Demurrer attached as Exhibit A to Request for Judicial Notice.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150
Firmwide:95051508.1 015602.6736                                5.

the provision of seats, depending on the nature of work performed, it "does not serve the prohibitory function necessary to give rise to a [Labor Code] Section 1198 violation." *Bright*, at 2. And, absent a violation of a Labor Code provision, Plaintiffs cannot state a claim for PAGA penalties.

**C.    Alternatively, Even If a Violation of Wage Order 7-2001, Section 14(A) Constitutes a Violation of Labor Code 1198, Plaintiffs Cannot Recover PAGA Penalties Pursuant to Section 2699(f) Since The Wage Order Already Establishes A Penalty For Violation Of Its Terms.**

In order to bootstrap their claim for failing to provide suitable seats under Section 14(A) into a violation of Labor Code section 1198, Plaintiffs will have to advocate for a broad interpretation of Section 1198. If, as Plaintiffs allege, Wal-Mart's failure to provide "suitable seats" is a prohibited condition of labor within the meaning of Section 1198, then the penalties established by Wage Order 7-2001 apply and there is thus no basis for imposing the penalties that are created by Section 2966(f) in instances when no pre-existing civil penalty exists.

Section 20 of Wage Order 7-2001 establishes a civil penalty for violations of "the provisions of this order," which by its terms includes violations of Section 14(A). Specifically, Section 20 of the Wage Order states:

> (A) In addition to any other civil penalties provided by law, any employer or any other person acting on behalf of the employer who violates, or causes to be violated, *the provisions of this order*, shall be subject to the civil penalty of:
>
> (1)  Initial Violation: - $50 for each underpaid employee for each pay period during which the employee was underpaid in addition to the amount which is sufficient to recover unpaid wages.
>
> (2)  Subsequent Violations: -- $100 for each underpaid employee for each pay period during which the employee was underpaid in addition to the amount which is sufficient to recover unpaid wages.

Wage Order 7-2001, Section 20. As noted by the *99¢ Only Stores* court, "when a wage order uses the phrase 'this order' or 'this wage order,' the wage order is referring to itself in the entirety." *Bright*, at 2 (citing *Cicairos v. Summit Logistics, Inc.*, 1333 Cal.App.4th 949, 959 (2005)). Thus, under the basic rules of statutory construction, the penalties established by Section 20 apply to the entire Wage Order, including violations of Section 14. *Id.*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

Firmwide:95051508.1 015602.6736                                6.

MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE MOTION TO STAY

1   Plaintiffs are not however, seeking to recover the penalties provided in Section 20 of

2   the Wage Order, but instead seek to recover the civil penalties provided by Section 2699(f).  The

3   fundamental flaw in Plaintiffs' case is that Section 2699(f) penalties are only available to an

4   aggrieved employee when no other civil penalty has been established for the alleged statutory

5   violation.  *See* Labor Code §2699(f) ("For all provision of this code ***except those for which a civil***

6   ***penalty is specifically provided***, there is established a civil penalty for a violation of these

7   provisions...")  Here, because Section 20 of the Wage Order establishes a civil penalty for violating

8   *all* provisions of the Wage Order, including Section 14, Plaintiffs are automatically foreclosed from

9   recovering the civil penalties created by Section 2699(f).

10   Contrary to what Plaintiffs may argue, the language of Section 20 which provides that

11   its enumerated penalties are "in addition to any other civil penalties provided by law" does not open

12   the door for Plaintiffs to recover the penalties provided by Section 2699(f).  By its express terms,

13   Section 2699(f) only comes into play when another penalty is not provided for.  Therefore, although

14   an employee could potentially recover penalties under Section 20 for a Wage Order violation, and

15   also perhaps recover additional civil penalties provided by specific sections of the Labor Code, it

16   does not follow that Section 2699(f) penalties are recoverable for a violation of Wage Order Section

17   14.  Section 2699(f) only creates a civil penalty when *no* civil penalty has otherwise been provided.

18   Therefore, since Section 20 establishes a civil penalty for all violations of the Wage Order, the

19   penalties created by Section 2699(f) are not applicable and do not qualify as "[an]other civil

20   penalt[y] provided by law."

21   In addition to the *99¢ Only Stores* case, another California Superior Court's decision

22   in a very similar matter is instructive.  In *Hamilton v. San Francisco Hilton, Inc.*, No. 04-431310

23   (S.F. Super. Ct. Sept. 8, 2005),[4] the plaintiff brought suit against her employer, San Francisco Hilton,

24   alleging that it failed to provide seats to the employees who worked at the registration desk.  Similar

25   to the Plaintiffs herein, the plaintiff in *Hamilton* argued that because Labor Code section 1198 does

26   not itself contain a civil penalty provision, the fallback penalties of section 2699(f) must apply.  Like

27

28   _____
[4]   *See* Order Granting San Francisco Hilton Inc.'s Motion for Summary Judgment, or in the
Alternative Summary Adjudication attached as Exhibit B to Request for Judicial Notice.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

Firmwide:95051508.1 015602.6736                7.

1    the court in *99¢ Only Stores*, the *Hamilton* court rejected this logic:

2         [Section 1198] does not mention seats, either.  In fact, seats are not
3         mentioned at all in the Labor Code.  The [Wage] Order is the only
         place where seats are mentioned.  Without the [Wage] Order, there is
4         no alleged seat violation.  The only way Plaintiff can bring her claim
         concerning seats—never mentioned in Labor Code §1198—is to
5         incorporate the entire [Wage] Order.   That Order unmistakably
         contains a civil penalty provision.
6

7    *Id*. at 4.  "Accordingly, the Private Attorneys General Act's stop-gap penalties do not apply because

8    a civil penalty, which by virtue of §1198 has been incorporated into the Labor Code, is specified in

9    the [Wage] Order."  *Id*. (citing Labor Code §1198.)  "Assuming any seat violation, Plaintiff is

10   entitled to a civil penalty only if she satisfies the requirements of [Wage] Order §20."  *Id*.  Here,

11   because Plaintiffs do not seek to recover the penalties provided for by Section 20, their claim fails.

12   **III.    ALTERNATIVELY, THE COURT SHOULD STAY THE PRESENT ACTION
         PENDING RESOLUTION OF THE APPEAL  IN THE *99¢ ONLY STORES* MATTER.**
13

14         In the alternative, Wal-Mart requests that the court stay the present action for the

15   duration of the appeal in the *99¢ Only Stores* matter.  Appellant Bright (plaintiff in the *99¢ Only*

16   *Stores* case) filed a Notice of Appeal on October 28, 2009, and filed her Opening Brief on March 4,

17   2010.  The appellate court recently granted to the parties an extension to finishing briefing the matter

18   such that  Respondent 99¢ Stores Only, must file its brief on or before May 2, 2010 and Appellant

19   Bright's reply brief, if any, must be filed on or before June 18, 2010.  Thus, barring any further

20   extensions, the *99¢ Stores Only* appeal will be fully briefed within two months time.  Oral argument

21   and the court's decision should follow within a reasonable period of time thereafter.

22         A district court "has broad discretion to stay proceedings as an incident to its power

23   to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706-707 (1997) (citations omitted);

24   *Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005).  "The power to stay proceedings is

25   incidental to the power inherent in every court to control the disposition of the cases on its docket

26   with economy of time and effort for itself, for counsel, and for litigants."  *Landis*, 299 U.S. at 254.

27         The Ninth Circuit has held that in determining whether a stay of a pending proceeding

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
408.998.4150

Firmwide:95051508.1 015602.6736                    8.

MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE MOTION TO STAY

1    is appropriate based upon the existence of other similar proceedings, a district court must weigh "the

2    competing interest which will be affected by the granting or refusal to grant a stay..." *Lockyer*, 398

3    F.3d at 1110 (citations omitted).  The competing interests to be considered are (1) the possible

4    damage that may result from the granting of a stay; (2) the hardship that the party seeking the stay

5    may suffer by being required to go forward; and (3) the orderly course of justice measured by

6    considering whether issues will be simplified or complicated, proof, and questions of law which

7    could be expected to result for a stay. *Id.*; *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  A

8    stay may be the most efficient and fairest course when there are "independent proceedings which

9    bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir.

10   1979).  And, although a stay should not be indefinite in nature, a stay that has an estimated duration

11   of less than a year, is reasonable. *See Fuller v. Amerigas Propane, Inc.*, 2009 U.S. Dist. LEXIS

12   71413 (N.D. Cal. 2009). As discussed below, Wal-Mart satisfies its burden of establishing that a stay

13   of this action is warranted. *Clinton*, 520 U.S. at 708.

14              1.      <u>The Only Potential Harm to Plaintiffs From A Stay is a Delay in Collecting</u>
                        <u>Penalties.</u>
15

16              As discussed above, Plaintiffs' sole cause of action is for PAGA penalties.  Setting

17   aside the attorney's fees sought by their counsel, Plaintiff's prayer requests only the penalties as

18   fixed by Labor Code § 2699(f).  Pursuant to Section 2699(f) Plaintiffs seek penalties in the amount

19   of $100 for the first pay period and $200 for each subsequent pay period in which Defendant failed

20   to provide them with seats.  Plaintiff Williamson is a former employee, and thus the amount of

21   penalties she seeks to recover are fixed.  Plaintiff Williamson was employed from March 1, 2008 to

22   August 6, 2008, but was only employed for only 4 pay periods from June 11, 2008 to August 6, 2008

23   (applying a one year statute of limitations based on the date Plaintiffs filed their Complaint).

24   Declaration of Keith Hanleigh, ¶2.  The fixed amount of damages sought by Plaintiff Williamson is

25   thus $700.00.  During the applicable time period, Plaintiff Brown (who was a former employee when

26   the Complaint was filed, and was later rehired) has worked for a total of only 16 pay periods, for a

27   maximum penalty amount of $3,100.00.  *Id.* ¶3, 4.  Pursuant to PAGA, if Plaintiffs recover any

28   penalties, they are only permitted to retain 25% for themselves, as the other 75% must be distributed

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

Firmwide:95051508.1 015602.6736                                                    9.

MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE MOTION TO STAY

to the California Labor Workforce Development Agency ("LWDA").  *See* Cal. Labor Code §2699 (j).  Therefore, at the end of the day, the total take home penalties available to Plaintiffs to date is $950.00.  This amount will only increase as to Plaintiff Brown by a net $50.00 (25% of $200) for every subsequent pay period she remains employed as a Cashier.

Since Plaintiffs only seek *penalties* they do not allege any harm or damage from Defendant's actions, nor do they seek injunctive or declaratory relief.  Therefore, at worst, a stay would result only in a possible delay in monetary recovery.  *See McCollough v. Minnesota Lawyers Mutual Insurance Company*, 2009 U.S. Dist. LEXIS 124555 (recommended stay in part because action sought solely monetary damages and contained no allegation of continuing harm) (citing *Lockyer*, 398 F.3d at 1110 (citing *CMAX*, 300 F.2d at 268-69)).  Additionally, mere delay without more, does not demonstrate undue prejudice.  *See Nanometics v. Nova Measuring Instruments, Ltd.*, 2007 U.S. Dist. LEXIS 18785 (2007).

### 2.   Hardship to Wal-Mart Will Result if a Stay is Not Granted.

The legal issues in this case concerning Plaintiffs' ability to state a claim for recovery of PAGA penalties based on a violation of Section 14 of the Wage Order are the same legal issues currently be addressed by the California Appellate Court in *99¢ Stores Only*.  Proceeding forward with this action prior to the resolution of the appeal in *99¢ Stores Only* will cause a hardship since the parties will be conducting pointless discovery that may well be moot following a holding in *99¢ Stores Only*.  *See Fuller*, 2009 U.S. Dist. LEXIS 62884, *3 (N.D. Cal. August, 3, 2009) (court granted stay pending resolution of *Brinker* appeal).  The vast majority of the discovery at issue in this case is directed at Wal-Mart's production of information, documents and witnesses.  In fact, Plaintiffs' 30(b)(6) deposition notice to Wal-Mart requested that a witness be produced for deposition concerning 31 individual topics.  Additionally, Plaintiffs have indicated a desire to notice at least two individual depositions, with more expected.  Plaintiffs have also recently filed a motion to compel the disclosure of the names, addresses and phone numbers of every employee who worked in a California Wal-Mart store since June 2008 as a Cashier.

If a stay is not granted, Wal-Mart will continue to spend a significant amount of time and resources defending an action that may soon be determined by a California appellate court to

Firmwide:95051508.1 015602.6736
LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

have no legal basis.  Furthermore, the private and confidential information of at least 10,000 individuals may unnecessarily be ordered disclosed.  Even though, as discussed below, the appellate decision in the *99¢ Stores Only* matter does not have conclusive binding effect on this Court, it may still offer some guidance as to the precise legal issues raised by this case.  Requiring Wal-Mart to proceed in defending an action that the California appellate court may affirm has no legal merit, creates a substantial and unnecessary hardship.

3.    <u>Resolution of <em>99¢ Stores Only</em> Matter Will Simplify Questions of Law, and Necessarily Simplify the Resolution of This Case.</u>

This case involves significant questions of California law.  "When interpreting state law, federal courts are bound by decisions of the state's highest court." *Ariz. Elec. Power Coop., Inc. v. Berkely*, 59 F.3d 988, 991 (9th Cir. 1995).  "In the absence of such a decision, a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." *In re Kirkland*, 915 F.2d 1236, 1239 (9th Cir. 1990).  And, "where there is no convincing evidence that the state supreme court would decide differently, 'a federal court is obligated to following the decisions of the state's intermediate appellate courts.'" *Lewis v. Tel. Employees Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996) (quoting *Kirkland*, 915 F.2d at 1239).

As with the numerous stays which were granted pending the outcome of *Brinker Restaurant Corp. v. Superior Court*, 165 Cal.App.4th 25 (2008), currently on appeal before the California Supreme Court, a stay in this action is appropriate.  Judge Conti noted in *Lew v. Countrywide Finacial Corp.*, 2009 U.S. Dist. LEXIS 56191 (N.D. Cal. Feb. 24, 2009) that speculation by the District Court regarding the proper legal standard is unnecessary.  And, although not before the California Supreme Court as *Brinker* was, the appellate court's decision in *99¢ Stores Only* will nevertheless provide guidance to this Court, and assist the Court in predicting how the California Supreme Court would decide the legal issues.  Furthermore, if a clear legal standard is established by the appellate decision in *99¢ Stores Only* it will "enable the parties to conduct efficient discovery, which will simply the issues and proof present in this matter."  *Fuller*, 2009 U.S. Dist. LEXIS 62884, *3.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

Firmwide:95051508.1 015602.6736

11.

Since Wal-Mart has established that a stay pending the resolution of the *99¢ Only Stores* will not harm or prejudice Plaintiffs, but will assist in preventing unnecessary hardship to Wal-Mart, and will assist in the resolution of the legal issues in this case, a stay of this action is appropriate.

## IV.    CONCLUSION

Judgment in favor of Defendant Wal-Mart is appropriate because Plaintiffs cannot establish any legal basis for recovering penalties pursuant to Labor Code §2699(f).    In the alternative, if this Court is not inclined to grant Wal-Mart's motion for judgment on the pleadings, this action should be stayed pending the resolution by the California Appellate Court in the *99¢ Only Stores* matter.

Dated: April 30, 2010

/s/ Karin M. Cogbill
KARIN M. COGBILL
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
WAL-MART STORES, INC.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
50 W. San Fernando, 15th Floor
San Jose, CA 95113.2303
408.998.4150

Firmwide:95051508.1 015602.6736          12.

MOTION FOR JUDGMENT ON THE PLEADINGS, OR IN THE ALTERNATIVE MOTION TO STAY