1
2
3
4
5
6
7                      IN THE UNITED STATES DISTRICT COURT

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                                SAN JOSE DIVISION

10   Nisha Brown, et al.,                          NO. C 09-03339 JW

11               Plaintiffs,                        **ORDER DENYING DEFENDANT'S
                                                    MOTION FOR JUDGMENT ON THE
12        v.                                        PLEADINGS; DENYING DEFENDANT'S
                                                    MOTION FOR A STAY**
     Wal-Mart Store, Inc.,
13
               Defendant.
14   _____/

15                            **I.  INTRODUCTION**

16        Nisha Brown and Kathy Williamson ("Plaintiffs") bring this putative class action against

17   Wal-Mart Store, Inc. ("Defendant"), for recovery of penalties under the California Private Attorney

18   General Act of 2004 ("PAGA"), Cal. Labor Code § 2698, *et seq.*, alleging violation of Wage Order

19   7-2001, § 14(a) and, thus, Cal. Labor Code § 1198.  Plaintiffs allege Defendant violated labor laws

20   and regulations by failing to provide suitable seats to Plaintiffs and other current and former

21   employees.

22        Presently before the Court is Defendant's Motion for Judgment on the Pleadings.[1]  The Court

23   conducted a hearing on October 18, 2010.  Based on the papers submitted to date and oral argument,

24   the Court DENIES Defendant's Motion for Judgment on the Pleadings and DENIES Defendant's

25   Motion to Stay.

26   _____

27        [1]  (Defendant's Notice of Motion and Motion for Judgment on the Pleadings Pursuant to Fed.
     R. Civ. P. 12(c), or in the Alternative Motion to Stay Proceedings, hereafter, "Motion," Docket Item
28   No. 31.)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

## II.  BACKGROUND

**A.      Factual Allegations**

In a Complaint filed on June 11, 2009, Plaintiffs allege as follows:

Wal-Mart failed to provide its cashier employees, including Plaintiffs, with seats, despite the fact that the nature of cashier work reasonably permits the use of seats.[2]

On the basis of the allegations outlined above, Plaintiffs allege one cause of action: Wage Order 7-2001, § 14 and, thus, Violation of Cal. Labor Code § 1198, which gives rise to a private right of action under PAGA.  (Complaint ¶¶ 17-18.)  In an Answer filed on July 21, 2009, Defendant summarily denied each and every allegation of Plaintiffs' Complaint.[3]

**B.      Procedural History**

On June 11, 2009, Plaintiffs filed their Complaint in the Superior Court of the County of Alameda.  (Notice of Removal at 1.)  On July 21, 2009, Defendant filed a General Denial to Plaintiff's Complaint and removed the case to this Court pursuant to § 4 of the Class Action Fairness Act of 2005.[4]  (Id. at 2-3.)

Presently before the Court is Defendant's Motion for Judgment on the Pleadings.

## III.  STANDARDS

Under Federal Rule of Civil Procedure 12(c), any party may move for judgment on the pleadings at any time after the pleadings are closed but within such time as not to delay the trial. Fed. R. Civ. P. 12(c).  "For the purposes of the motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false."  Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990).  Judgment on the pleadings is proper when the moving party clearly establishes on the face of

[2]  (Class Action Complaint for Violation of the Labor Code Private Attorneys General Act of 2004 (Cal. Lab. Code Section 2698 et seq.)  ¶ 1, hereafter, "Complaint," Docket Item No. 1.)

[3]  (Notice of Removal by Defendant Wal-Mart Stores, Inc. Pursuant to 28 U.S.C. Section 1332(d)(2) (CAFA) and 28 U.S.C. §§ 1441, 1446 and 1332 (Diversity), Ex. B at 1, hereafter, "Notice of Removal," Docket Item No. 1.)

[4]  28 U.S.C. § 1332(d)(2).

2

the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Id.  When brought by the defendant, a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is a "means to challenge the sufficiency of the complaint after an answer has been filed."  New. Net, Inc. v. Lavasoft, 356 F. Supp. 2d 1090, 1115 (C.D. Cal. 2004).  A motion for judgment on the pleadings is therefore similar to a motion to dismiss.  Id.

When a motion for judgment on the pleadings contends that the plaintiff has failed to allege facts sufficient to state a claim, the complaint is tested using the same standard that applies to a motion to dismiss.  McGlinchy v. Shell Chem. Co., 845 F.2d 802, 810 (9th Cir. 1988).  Mere conclusions couched in factual allegations are not sufficient to state a cause of action.  Papasan v. Allain, 478 U.S. 265, 286 (1986).  The complaint must plead "enough facts to state a claim for relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Thus, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  Granting a motion for judgment on the pleadings typically results in entry of judgment.  See Longberg v. City of Riverside, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004).  However, courts have discretion to grant a motion for judgment on the pleadings with leave to amend.  Id.

## IV.  DISCUSSION

Defendant moves for judgment on the pleadings as to Plaintiffs' First Cause of Action on two grounds: (1) that PAGA penalties are unavailable to Plaintiffs as the Cal. Labor Code provision Defendant allegedly violated, § 1198, does not incorporate Wage Order 7-2001, § 14(a); and (2) assuming, *arguendo*, that Wage Order 7-2001, § 14(a) is incorporated into the Cal. Labor Code, the Wage Order already provides for a civil penalty, rendering PAGA, intended as an alternative remedy where none was otherwise provided, unavailable.  (Motion at 1.)  Alternatively, Defendant moves to

3

stay the proceedings pending the appeal of <u>Bright v. 99¢ Only Stores</u>, a California state court

decision interpreting whether Cal. Labor Code § 1198 incorporates Wage Order 7-2001, § 14(a).

No. BC415527 (L.A. Super. Ct. October 15, 2009).  The Court addresses each ground in turn.

**A.      Whether § 1198 Incorporates Wage Order 7-2001, § 14(a)**

Defendant contends that PAGA only provides a private right of recovery for violations of the

Cal. Labor Code, and not the Wage Order regulations.  (Motion at 4-6.)  Further, Defendant

contends that Cal. Labor Code § 1198, the Labor Code provision on which Plaintiffs base their

claim, does not incorporate Wage Order 7-2001, § 14(a), the regulation requiring employers to

provide their employees with chairs when the nature of the work reasonably permits seats.  (<u>Id.</u>)

In 2004, facing budget cuts and staffing shortages, the California legislature adopted PAGA

as a means to allow continued enforcement of the Cal. Labor Code by providing a private civil

action for violations of the code, previously only available to state enforcement agencies.  <u>Caliber</u>

<u>Bodyworks, Inc. v. Superior Court</u>, 134 Cal. App. 4th 365, 374 (Cal. Ct. App. 2005).  The labor

code provision allegedly violated in this case, Cal. Labor Code § 1198, provides:

> The maximum hours of work and the standard conditions of labor fixed by the commission shall be the maximum hours of work and the standard conditions of labor for employees. The employment of any employee for longer hours that those fixed by the order or under conditions of labor prohibited by the order is unlawful.

Here, Plaintiffs allege that Defendant violated Cal. Labor Code § 1198 by "failing to provide

plaintiffs and the other Class members with seats" in violation of Wage Order 7-2001, § 14(a),

thereby employing staff "under conditions of labor that are prohibited by the applicable wage order."

(Complaint ¶ 17.)  Wage Order 7-2001, § 14 provides:

> (A) All working employees shall be provided with suitable seats when the nature of the work reasonably permits the use of seats.

> (B) When employees are not engaged in the active duties of their employment and the nature of the work requires standing, an adequate number of suitable seats shall be placed in reasonably proximity to the work area and employees shall be permitted to use such seats when it does not interfere with the performance of their duties.

With respect to the applicability of these provisions, there exists a conflict between three

federal district court's interpretations and a recent interpretation by a Los Angeles Superior Court.

4

1   In Murphy, Kilby and Currie-White, the federal district courts solidly rejected an identical argument

2   to the one Defendant advances in this case: that § 1198 of the Cal. Labor Code does not incorporate

3   Wage Order 7-2001, § 14(a) based on the fact that § 1198 only applies to conditions of labor

4   "prohibited" by the order and that § 14(a) is not prohibitory in its requirement that employers "shall"

5   provide seats.[5]   In Murphy, Judge Benitez found that "[t]he legislative history behind PAGA and

6   Labor Code section 1998 demonstrates Section 1198 incorporates wage orders including Wage

7   Order 7-2001 in this case."   Murphy, 09 CV 1436 at 4.   In Kilby, Judge Lorenz concurred, stating,

8   "Although [d]efendant is correct that permissive provisions appear not to be covered by [§ 1198],

9   this is irrelevant because section 14(A) is not permissive.   It is a part of an order which states what

10   employers 'shall' do.   It is implied that failing to do what the provision orders is prohibited."   Kilby,

11   09 CV 2051 at 4 (citation omitted).   In Currie-White, Judge Chesney impliedly held that § 1198

12   incorporated Wage Order 7-2001, § 14(a) in granting a motion to dismiss based on failure to plead

13   sufficient facts, but granting plaintiffs leave to amend.   09 CV 3339 at *1-2.

14   These holdings conflict with a recent Los Angeles Superior Court decision, which interpreted

15   § 1198 to only incorporate those portions of the Wage Order that are prohibitive.   Bright, No.

16   BC415527 at 2.   The trial judge in Bright further found that § 14(a) "does not serve the prohibitory

17   function necessary to give rise to a Section 1198 violation."   Id.   Thus, under the reasoning of

18   Bright, an employer not providing seats to their employees in violation of Wage Order 7-2001, §

19   14(a) would not also be in violation of Cal. Labor Code § 1198.   Id.

20   In resolving the conflict between the different interpretations, the Court turns to the

21   fundamental principles of statutory interpretation.   Under California laws of statutory interpretation,

22   the Court must "presume the legislature intended every word, phrase and provision . . . ,"[6] avoiding

23

24   _____

25       [5]   Murphy v. Target Corp., 09 CV 1436 BEN (S.D. Cal. 2009); Kilby v. CVS Pharmacy, 09

26   CV 2051 CAB (S.D. Cal. 2009); Currie-White v. Blockbuster, Inc., 09 CV 2593 MMC (N.D. Cal. 2009).

27       [6]   Garcia v. McCutchen, 16 Cal. 4th 469, 476 (Cal. 1997).

28                                                  5

United States District Court

For the Northern District of California

1   "interpretations that render a part of the statute surplusage."[7]  Thus, in interpreting Wage Order 7-

2   2001, § 14(a), the Court finds that use of the term "shall" does not render the regulation non-

3   prohibitive for purposes of § 1198.  This is supported by the drafting of the balance of Wage Order

4   7-2001, which drafts the standards for basic work conditions, including minimum wage and required

5   mealtime provisions in the affirmative "shall," rather than in prohibitive terms.  See, e.g., § 4

6   ("Minimum Wages"); § 11 ("Meal Periods"); § 12 ("Rest Periods").  An interpretation of § 1198

7   that excludes Wage Order 7-2001 § 14(a) based on the fact that the order is phrased as an

8   affirmative obligation to provide seats, rather than a prohibition to fail to provide seats, would

9   render § 1198 unmanageable and arbitrary.  For example, this interpretation would provide an

10  aggrieved employee a cause of action against an employer for requiring the employee to share a bed

11  in any employer-provided lodging,[8] but not for the basic violation of failing to provide the employee

12  with mandatory uniforms and necessary tools.[9]  Thus, the Court finds that the California legislature

13  could not have intended such an arbitrary result in drafting § 1198.

14         Accordingly, following the Murphy, Kilby and Currie-White courts, the Court finds that Cal.

15  Labor Code § 1198 incorporates the entire Wage Order, including Wage Order 7-2001, § 14(a), and

16  not solely those portions of the Wage Order drafted in prohibitory terms.

17  **B.      Whether PAGA's Penalties are Precluded by Penalties Under § 20**

18         Defendant contends that PAGA, § 2699(f), is intended as a "stop gap" penalty and only

19  provides a private right of recovery where no other civil penalty has been established for that

20  violation.  (Motion at 3-5.)  Thus, Defendant contends that PAGA would be unavailable in the

21

22  _____

23         [7]  People v. Cole, 38 Cal. 4th 964, 980-81 (Cal. 2006).

24         [8]  Wage Order 7-2001, § 10(b) ("Employees shall not be required to share a bed.").

25         [9]  Wage Order 7-2001, § 9(a) ("When uniforms are required by the employer to be worn by
26  the employee as a condition of employment, such uniforms shall be provided and maintained by the
    employer."); Wage Order 7-2001, § 9(b) (When tools or equipment are required by the employer or
27  are necessary to the performance of a job, such tools and equipment shall be provided and
    maintained by the employer . . . .").

28                                                   6

present case, where Wage Order 7-2001, § 20 establishes a civil penalty for violations of the order, including violations of § 14(a).  (Id. at 6-8.)

PAGA provides a private right of action for an aggrieved employee[10] in two instances: (1) when the Labor Code provides for a civil penalty, previously only recoverable by the Labor and Workforce Development Agency, a private right of action is available for a plaintiff who properly follows the procedures outlined in Cal. Labor Code § 2699.3(a)(2)(A); and (2) when the Labor Code has not specifically provided for a civil penalty, a plaintiff may recover a default civil penalty under Cal. Labor Code § 2699(f).  In particular, § 2699(f) provides, "[f]or all provisions of this code except for those which a civil penalty is specifically provided, there is established a civil penalty for violation of these provisions . . . ."  Cal. Labor Code § 2699(f).

Wage Order 7-2001 § 20 establishes a civil penalty for violations of the "provisions of this order."  Specifically, § 20 provides:

> (A) In addition to any other civil penalties provided by law, any employer or any other person acting on behalf of the employer who violates, or causes to be violated, the provisions of this order, shall be subject to the civil penalty of:
>
> (1) Initial Violation: - $50 for each underpaid employee for each pay period during which the employee was underpaid in addition to the amount which is sufficient to recover unpaid wages.
>
> (2) Subsequent Violations: - $100 for each underpaid employee for each pay period during which the employee was underpaid in addition to the amount which is sufficient to recover unpaid wages.

Courts have come to contrary interpretations on the issue of whether providing any civil penalty under the violated provision of the Labor Code, albeit inapplicable, would preclude a cause of action for PAGA penalties.[11]  In Solis, Judge Breyer found that solely providing a remedy for reduced wages, did not preclude an action for PAGA penalties for violations that did not involve reduced wages. 612  F. Supp. 2d at 1089.  In contrast, a San Francisco Superior Court held in

---

[10]  "[A]ny person who was employed by the alleged violator and against whom one or more of the alleged violations was committed."  Cal. Labor Code § 2699(c).

[11]  See Solis v. Regis Corp., 612 F. Supp. 2d 1085 (N.D. Cal. 2007); Hamilton v. San Francisco Hilton, No. 04-431310 (S.F. Super. Ct. Sept. 8, 2005).

United States District Court

For the Northern District of California

Hamilton that the specific remedies provided in § 20 of the Wage Order did preclude an action for PAGA penalties, despite the fact that the plaintiff could not collect for violations of failure to provide seats, as no employees had been "underpaid." No. 04-431310 at 4.

Here, the Court finds that the legislative intent behind the adoption of PAGA, to expand the private enforcement of the Labor Code during a time of budget cuts,[12] would be frustrated if an inapplicable civil remedy provision could render PAGA penalties unavailable. Wage Order 7-2001, § 20 only provides for penalties based on the number of "underpaid" employees; thus, civil penalties would be completely unavailable for the large swath of Wage Order 7-2001 that does not involve wages. Moreover, Wage Order 7-2001, § 20 begins section (A) with the phrase: "[i]n addition to any other civil penalties," demonstrating an intent that the penalties provided are not to be construed as all inclusive. Thus, the Court finds that the penalties provided in § 20 of the Wage Order were not "specifically provided" as penalties for violations of Wage Order 7-2001, § 14(a), and, therefore, do not preclude an action for PAGA penalties under § 2699(f).

Accordingly, the Court finds that Plaintiffs may state a claim under PAGA for violations of Wage Order 7-2001, § 14(a) and, therefore, Cal. Labor Code § 1198. Further, based on the Court's interpretations, which coincide with other district courts in California, the Court finds that a stay pending the California Appeal Court's decision in Bright v. 99¢ Only Stores is unnecessary at this time.

## V. CONCLUSION

The Court DENIES Defendant's Motion for Judgment on the Pleadings and DENIES Defendant's request for a stay.

---

[12] Caliber Bodyworks, 134 Cal. App. 4th at 374.

United States District Court

For the Northern District of California

1    The parties shall appear for a Preliminary Pretrial Conference as previously scheduled for

2  **December 13, 2010 at 11 a.m.**[13]  On or before **December 3, 2010**, the parties shall file a Joint

3  Preliminary Pretrial Statement.  The Statement shall include, among other things, the parties'

4  proposed trial schedule and an update on the parties' settlement efforts.

5

6

7  Dated:  October 19, 2010

_____
JAMES WARE
United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

_____

24   [13] Contrary to Defendants' counsel's statement at the hearing, this case has never been
stayed.  In fact, on January 28, 2010, the Court issued a Scheduling Order setting this case in
motion.  (See Docket Item No. 15.)  Accordingly, the Court declines counsel's request to vacate the

25  Case Schedule.  The Court also notes that pursuant to the January 28 Scheduling Order, the hearing
on Plaintiffs' anticipated Motion for Class Certification is set for November 15, 2010 at 9 a.m.

26  Pursuant to the Civil Local Rules, Plaintiffs were to file their Motion on or before October 12, 2010.
To date, no such Motion has been filed.  Accordingly, the Court removes the reservation the Court

27  had on its calendar for this Motion.

28

9

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Dennis M. Brown dbrown@littler.com
James F. Clapp jclapp@sdlaw.com
Karin Morgan Cogbill kcogbill@littler.com
Kevin J. McInerney kevin@mcinerneylaw.net
Marlene S. Muraco mmuraco@littler.com
Matthew  Righetti matt@righettilaw.com
Zachariah Paul Dostart zdostart@sdlaw.com


**Dated:  October 19, 2010**                    **Richard W. Wieking, Clerk**


                                                **By:      /s/ JW Chambers**
                                                         **Elizabeth Garcia**
                                                         **Courtroom Deputy**

**United States District Court**
For the Northern District of California