UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NISHA BROWN, et al., )<br>)<br>           Plaintiffs, )<br>)<br>    v. )<br>)<br>WAL-MART STORES, INC., )<br>)<br>           Defendant. )<br>_____ ) | Case No.: C 09-3339 JW (PSG)<br><br>**ORDER DISSOLVING STAY AND GRANTING PLAINTIFFS' MOTION TO COMPEL**<br><br>(Re: Docket No. 21) |

On May 4, 2010, the parties appeared before Judge Trumbull for hearing on Plaintiffs' Motion to Compel, which seeks the identity of each person who held the position of cashier in a Wal-Mart store in the State of California at any time between June 1, 2008 and the present. The court orally granted from the bench. Before the court issued a written order, however, on May 5, 2010, Judge Ware issued an order in which he stayed discovery pending the court's disposition of Defendant's Motion for Judgment on the Pleadings. As a result, Judge Trumbull issued an order staying her oral order granting Plaintiffs' motion to compel during the pendency of the discovery stay ordered by Judge Ware.

On October 26, 2010, Plaintiffs filed a Case Status Report noting that Judge Ware had issued his order on Defendant's Motion for Judgment on the Pleadings, and requesting that Judge Trumbull

ORDER, *page 1*

issue an order on Plaintiffs' motion to compel and lift the stay on discovery.[1]

On November 30, 2010, Judge Trumbull retired. This case was referred to the undersigned for discovery purpose on December 6, 2011. The undersigned has now reviewed the motion papers and the transcript of the hearing before Judge Trumbull. Based on the briefs and arguments submitted, and on Judge Trumbull's order from the bench at oral argument,

IT IS HEREBY ORDERED that the stay of Judge Trumbull's oral order is dissolved and Plaintiff's motion is GRANTED.

Defendant opposes the requested discovery based on the privacy rights of its employees under California law. Where, as here, federal jurisdiction is founded on the diversity of the parties pursuant to the Class Action Fairness Act, state privilege law applies to discovery disputes.[2] Under Article I, Section I of the California Constitution, the right to privacy is not an absolute right, but a right subject to invasion depending on the circumstances.[3] Indeed, the right of privacy protects only a reasonable expectation of privacy against a serious invasion.[4]

In the specific context of a putative employee class action, California has authorized discovery of employee contact information such as that requested here, even where employees have completed forms requesting that the employer not disclose personal information absent written consent.[5] In addition, by identifying them as material witnesses, Defendant acknowledges that the employees subject to Plaintiffs' interrogatory may have knowledge of events at issue in this case. Under such circumstances, fairness requires that Plaintiffs receive access to the information as requested.

No later than February 14, 2011, Defendant shall supplement its response to Interrogatory

---

[1] The court notes that Judge Ware's original order stated only that discovery was stayed pending disposition of Defendant's Motion for Judgment on the Pleadings. Thus, upon entry of Judge Ware's order on Defendant's Motion for Judgment on the Pleadings, the stay on discovery expired.

[2] *See, e .g., Martin v. Lafon Nursing Facility of the Holy Family, Inc.*, 244 F.R.D. 352, 355-56 (E.D. La. 2007).

[3] *See Hill v. National Collegiate Athletic Ass'n*, 7 Cal.4th 1, 37 (1994).

[4] *Id*. at 36-37.

[5] *See Crab Addison, Inc. v. Superior Court,* 169 Cal.App.4th 958, 972-3 (2008). In light of this controlling California authority, the district court cases cited by Defendant are inapposite.

1 | No. 3 by identifying of each person who held the position of cashier in a Wal-Mart store in the State
2 | of California at any time between June 1, 2008 and the present.
3 | Dated: January 28, 2011

*[signature]*
PAUL S. GREWAL
United States Magistrate Judge