Matthew Righetti, SBN 121012
RIGHETTI GLUGOSKI, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA 94101
Telephone: (415) 983-0900 / Facsimile: (415) 397-9005
Email: matt@righettilaw.com

Charles A. Jones, Esq., SBN 224915
Kelly McInerney, Esq., SBN 200017
JONES LAW FIRM
9585 Prototype Court, Suite B
Reno, Nevada 89521
Telephone: (775) 853-6440 / Facsimile: (775) 853-6445
Email: caj@cjoneslawfirm.com

Attorneys for Plaintiffs NISHA BROWN and KATHY WILLIAMSON

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| NISHA BROWN and KATHY WILLIAMSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WAL-MART STORES, INC., and DOES 1 through 50 inclusive,<br><br>Defendants. | CASE NO.: 5:09-cv-03339-EJD<br><br>**DECLARATION OF MATTHEW RIGHETTI IN SUPPORT OF JOINT STIPULATION AND [PROPOSED] ORDER RE SETTING AND MODIFYING PRETRIAL DEADLINES**<br>**[Local Rule 6.2]** |

I, MATTHEW RIGHETTI, declare that:

1. I am court appointed class counsel in this case. I make this declaration of my personal knowledge and could testify thereto if called as a witness.

2. On July 27, 2017, the Court set the following deadlines:

- Deadline for Defendant Wal-Mart Stores, Inc. ("Wal-Mart") to file its Motion to Decertify the Class (the "Decertification Motion"): December 6, 2017;
- Deadline for Plaintiff Kathy Williamson ("Plaintiff") to file her Opposition to the Decertification Motion: January 6, 2018;

- Deadline for Wal-Mart to file its Reply in support of the Decertification Motion: January 16, 2018;
- Deadline to complete private mediation:  January 12, 2018;
- Hearing on the Decertification Motion is scheduled for January 18, 2018 at 9:00 a.m.;
- Bench Trial is scheduled to commence on October 2, 2018.

3**.**    At that time**,** the Court also directed the parties to meet and confer in order to set deadlines for designation of experts/reports and designation of rebuttal experts/reports.

4**.**    After meeting and conferring, the Parties have agreed to modify and/or set the following dates (without any change to the trial date):

- Deadline for Wal-Mart to file its Decertification Motion:  January 4, 2018;
- Deadline for Plaintiff to file her Opposition to the Decertification Motion:  February 2, 2018;
- Deadline for Wal-Mart to file its Reply in support of the Decertification Motion:  February 12, 2018;
- Hearing on the Decertification Motion *subject to court availability*;

- Initial expert disclosures and reports:  January 30, 2018;
- Rebuttal expert disclosure and reports:  February 28, 2018;

- Deadline to complete private mediation:  February 9, 2018.

5.    This stipulation extends all the Decertification Motion briefing deadlines by approximately thirty days.  This stipulation does not change of otherwise affect either the October 2, 2018 trial date, or the discovery completion deadline.  I provide this declaration pursuant to local rule 6.2 in order to

   **(a)** explain the reasons for the requested enlargement of time;

   **(b)** disclose all previous time modifications in the case, whether by stipulation or Court order; and

   **(c)** describe the effect the requested time modification would have on the schedule for the case.

6.    **Reasons for the requested enlargement of time**: Upon returning to my office after the July 27, 2017 further status conference, I realized that if Defendant filed the

Decertification Motion on December 6, 2017 – with Plaintiff's opposition papers due one month thereafter -- then preparation of the opposition to the Decertification Motion would necessarily take place during the Christmas holidays.  Of course, the fact that the current briefing schedule would require a response to the Decertification Motion during the holidays is not a show stopper standing alone.  However, my family will be travelling out of the country during the last two weeks of December and the first several days of January.  Thus, unless the briefing schedule for the Decertification Motion is changed, I will be unable to participate in responding to that motion during this critical time.  I have worked closely as co-lead counsel on every aspect of this case since it was filed; as such, I have unique knowledge of the evidence and issues in this case, including those which pertain to certification.  My direct involvement and participation in preparing a response to the Decertification Motion is therefore invaluable and necessary to avoid prejudicing the interests of the Class.

       7.     **Previous time modifications in the case:**  The only previous time modification I am aware of in this case is reflected at Docket No. 58, i.e., a stipulation modifying the January 28, 2010 Scheduling Order due to an order that stayed discovery.  Judge Ware approved that stipulation.

       8.     **Effect the requested time modification will have on the schedule for the case**:  Trial in this case is scheduled for October 2, 2018.  The parties do not seek to change either the trial date, or any other pretrial dates.  Extending the briefing schedule for the decertification motion and the mediation deadline by approximately one month will have no impact on the schedule for this case beyond moving the decertification briefing, hearing and mediation deadlines by approximately one month.

       9.     Pursuant to the Court's request, the parties have also agreed on expert disclosure deadlines as follows:

- Initial expert disclosures and reports:  January 30, 2018;
- Rebuttal expert disclosure and reports:  February 28, 2018;

These expert disclosure and rebuttal expert disclosure dates were not previously set in this case.

      I declare under penalty of perjury under the laws of the State of California and the

3
DECLARATION OF MATTHEW RIGHETTI

1  United States of America that the foregoing is true and correct. Executed this 29th day of
2  August 2017 at San Francisco, CA.

                                          Respectfully,

                                          Righetti Glugoski, P.C.

                                          By: _____
                                               Matthew Righetti
                                             Class Counsel