CHARLES A. JONES State Bar No. 224915
KELLY McINERNEY State Bar No.  200017
JONES LAW FIRM
9460 Double R. Blvd. #103
Reno, NV 89521
Telephone: (775) 853-6440 / Facsimile: (775) 853-6445
Email: caj@cjoneslawfirm.com. Kelly@cjoneslawfirm.com

MATTHEW RIGHETTI, State Bar No. 121012
RIGHETTI LAW FIRM, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA 94101
Telephone: (415) 983-0900 / Facsimile:  (415) 397-9005
Email: matt@righettilaw.com

Class Counsel

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| NISHA BROWN and KATHY WILLIAMSON, individually and on behalf of all others similarly situated,<br><br> Plaintiffs,<br><br>vs.<br><br>WAL-MART STORES, INC., and DOES 1 through 50 inclusive,<br><br>          Defendants. | CASE NO.:  5:09-CV-03339-EJD<br><br>**PLAINTIFF'S OPPOSITION TO WAL-MART'S MOTION FOR LEAVE TO FILE AN OVERSIZED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO DECERTIFY THE CLASS** |

Plaintiff, Kathy Williamson, files the following Opposition to Wal-Mart's request for leave to file an oversized Memorandum of Points and Authorities In Support of Its Motion to Decertify the Class.  As the Court will recall, the parties submitted a voluminous amount of briefing in connection with Plaintiff's Motion for Class Certification.  Specifically, the Memorandum of Points and Authorities supporting the Class Certification Motion was 23 pages in length (ECF. No. 81), the Opposition was 24 pages in length (ECF No. 82), and the Reply was 15 pages in length (ECF No. 92).  Subsequent to these filings, the parties each filed a 5 page Supplemental Brief (ECF Nos. 106 and 108).  On August 24, 2012, this Court issued a 14 page Order granting class certification (ECF No. 110) and Wal-Mart promptly appealed.

Wal-Mart claims it is justified filing an oversized brief due to what it characterizes as the "robust and multi-faceted" standard established by the California Supreme court in *Kilby v. CVS Pharmacy, Inc.,* 63 Cal.4th 1 (2016).  The Court will recall that the Ninth Circuit Court of Appeals relied upon *Kilby* when it affirmed this Court's certification order. See, ECF. No. 135.  In doing so, the Ninth Circuit noted:

> By reviewing whether cashier's spent the majority of their time working at registers, the district court appears to have applied a "holistic approach" in interpreting California Wage Order 7-2001 § 14(A).  Such an interpretation is inconsistent with the California Supreme Court's recent guidance in *Kilby v. CVS Pharmacy, Inc.* 368 P.3d 554 (Cal. 2016).  However, this error does not undermine the district court's class certification decision, because the California Supreme Court's interpretation of the Wage Order appears to be **more beneficial for Plaintiffs** than the holistic interpretation used by the district court.   ECF No. 135, p. 3[Emphasis Added]

The Ninth Circuit Court of Appeals reference to a "holistic approach" was made in reference to Wal-Mart's contention at Class Certification that in order to determine if the nature of the work reasonably permits the use of a seat, the court is required to consider each and every tasked performed by a cashier, regardless of location. In *Kilby*, the California Supreme Court

---

Case No. C09-0339-EJD                    1        PLAINTIFF'S OPPOSITION TO WAL-MART'S
                                                  MOTION FOR LEAVE TO FILE AN OVERSIZED
                                                  MEMORANDUM OF POINTS AND AUTHORITIES
                                                  IN SUPPORT OF ITS MOTION TO DECERTIFY THE
                                                  CLASS

rejected that approach as inconsistent with the remedial purpose of the seating law. *Kilby*, 63 Cal.4th at 16. Instead, the Court confirmed that when evaluating whether the nature of the work reasonably permits the use of seats, "courts must examine subsets of an employee's total tasks and duties by location, *such as those performed at a cash register* or a teller window, and consider whether it is feasible for an employee to perform each set of location-specific tasks while seated." *Id.* at 18.

In short, as observed by the Ninth Circuit in its Order affirming class certification in this case (ECF No. 135), *Kilby* narrowed the focus of the class certification inquiry in this case. As a result, Plaintiff submits that *Kilby* decision does not justify Wal-Mart's request to file an oversized brief in support of its Motion to Decertify the Class. The factual record surrounding certification in this case is robust, as is this Court's Order certifying the class.

In addition, Plaintiff has prepared, and will shortly be filing, her Motion for Summary Judgment. Plaintiff has been provided with dates for the hearing on her Summary Judgment Motion from this Court, has provided those dates to counsel for Wal-Mart, and is currently waiting for Wal-Mart's counsel to confirm one of the three dates provided by the Court. Once Wal-Mart selects a hearing date, Plaintiff will promptly file her Summary Judgment Motion. Plaintiff's Summary Judgment Motion discusses the *Kilby* decision and its impact on this case, at length. Notably, Plaintiff was able to confine her Memorandum of Points and Authorities in support of her Motion for Summary Judgment to the twenty-five page limit authorized by the Court. If Plaintiff is able to limit her Motion for Summary Judgment to twenty-five pages, Wal-Mart should be able to do the same in its decertification motion.

Based on the above, Plaintiff objects to Wal-Mart's request to file an oversized memorandum of points and authorities in support of its decertification motion. Should the Court

2    PLAINTIFF'S OPPOSITION TO WAL-MART'S
MOTION FOR LEAVE TO FILE AN OVERSIZED
MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF ITS MOTION TO DECERTIFY THE
CLASS

disagree and grant Wal-Mart's request to file an oversized brief, Plaintiff respectfully requests the she also be allowed to file an oversized Opposition commensurate with the additional number of pages Wal-Mart is granted.

Respectfully Submitted

Dated: December 22, 2017                    JONES LAW FIRM

By  /s/ Charles A. Jones
      Charles A. Jones
      Class Counsel

Case No. C09-0339-EJD                3    PLAINTIFF'S OPPOSITION TO WAL-MART'S
                                          MOTION FOR LEAVE TO FILE AN OVERSIZED
                                          MEMORANDUM OF POINTS AND AUTHORITIES
                                          IN SUPPORT OF ITS MOTION TO DECERTIFY THE
                                          CLASS

**CERTIFICATE OF SERVICE**

I, the undersigned, declare as follows:

I am employed in the County of Washoe, State of Nevada.

I am over the age of eighteen (18) years and not a party to the within action; my business address is 9585 Prototype Court, Suite B, Reno Nevada, 89521.

On December 22, 2017, I served the foregoing documents describes as:

1.      PLAINTIFF'S OPPOSITION TO WAL-MART'S MOTION FOR LEAVE TO FILE AN OVERSIZED MEMEORANDUM OF POINTS AND AURHTORITIES IN SUPPORT OF ITS MOTION TO DECERTIFY THE CLASS

on all interested parties in this action addressed to the addressee as follows:

Anthony D. Sbardellati
Lisa Yumi Mitchell
Steven C. Gonzalez
Particia A. Kinaga
Alexander Humphrey Hu
LTL ATTORNEYS LLP
300 S. Grand Ave., Floor 14
Los Angeles, CA 90071
Telephone: 1-213-612-8900
Facsimile: 1-213-612-3773

   X   By ECF (Electronic Case Filing). I e-filed the above-detailed document utilizing the United States District Court, Northern District of California's mandated ECF service on December 22, 2017.

I declare under penalty of perjury under the laws of the State of Nevada that the above is true and correct.

Executed on December 22, 2017, at Reno, Nevada.

Nikki Nevarez