MATTHEW RIGHETTI, State Bar No. 121012
RIGHETTI GLUGOSKI, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA 94101
Telephone: (415) 983-0900 / Facsimile: (415) 397-9005
Email: matt@righettilaw.com

Charles A. Jones, Esq., SBN 224915
Kelly McInerney, Esq., SBN 200017
JONES LAW FIRM
9585 Prototype Court, Suite B
Reno, Nevada 89521
Telephone: (775) 853-6440/ Facsimile: (775) 853-6445
Email: caj@cjoneslawfirm.com

Attorneys for Plaintiff NISHA BROWN and KATHY WILLIAMSON

LTL ATTORNEYS LLP
Steven C. Gonzalez (SBN 191756)
Steven.gonzalez@ltlattorneys.com
Patricia Kinaga (SBN 126845)
Patricia.kinaga@ltlattorneys.com
Anthony Sbardellati (SBN 246431)
Anthony.sbardellati@ltlattorneys.com
300 S. Grand Ave, 14th Floor
Los Angeles, CA 90071
Tel: 213-612-8900/Fax: 213-612-3773

Attorneys for Defendant WAL-MART STORES, INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| NISHA BROWN and KATHY WILLIAMSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>WAL-MART STORES, INC., and DOES 1 through 50 inclusive,<br>    Defendants. | CASE NO.: 5:09-cv-03339-EJD<br><br>**JOINT STATEMENT RE DISCOVERY DISPUTE** |

The parties submit this joint statement pursuant to the Court's Civil Scheduling and Discovery Standing Order.

**(1)  Close of Discovery and Trial Date:**

Fact discovery closes on December 29, 2017 and trial starts on October 2, 2018. There is 1 day remaining before the close of fact discovery and 278 days remaining before the first day of trial.

**(2)  Brief Description of Unresolved Issue:**

**Defendant's position:**
Plaintiffs served their "Amended Second Amended" Rule 26 Disclosures on December 13, disclosing *eight new witnesses 16 days before the close of fact discovery*. The witnesses are Wal-Mart cashiers who were granted the use of seats as accommodations in compliance with the Americans with Disabilities Act. Class counsel represents the witnesses and has known about them for months, yet waited until just before the close of fact discovery to disclose them. Plaintiffs' amended disclosures were sent by U.S. Mail despite their prior use of overnight delivery/e-mail.[1]

The day that Defendant learned of these witnesses, December 15, was the last day to serve a deposition notice by personal service. Accordingly, that day, Defendant personally served deposition notices for the newly identified witnesses. Due to the belated nature of the disclosures, the discovery deadline, and the holiday season, Defendant noticed the depositions for December 28 and 29.

In a subsequent meet-and-confer call that day, Plaintiffs' counsel indicated that they would *consider* producing the witnesses, but refused to offer anything concrete. Nearly a week later, on December 21, Class counsel stated during a meet and confer call that they would *not* produce the witnesses for deposition. Class counsel explained their refusal by stating that they intended to rely on these witnesses only for "rebuttal." Counsel continued their meet and confer efforts, and, on December 27, Class counsel reiterated their refusal and proposed the use of interrogatories instead.

Plaintiffs' refusal to produce the witnesses is improper. On October 5, the Court ordered Defendant to amend its disclosures by October 9, to produce its witnesses for deposition, and to complete its document production associated with them by October 20. ECF No. 179. In issuing that order, the Court indicated that its intent was to enable the parties to participate in meaningful discovery. Plaintiffs' disclosure of eight new witnesses and baffling refusal to produce them for deposition violates the spirit of this order.

Further, Class counsel's proposal that Defendant serve interrogatories in lieu of depositions is insufficient because the time to serve interrogatories has expired, Plaintiffs never performed cashier work while seated (so lack foundation and the ability to respond to questions about the reasonableness of performing cashier work while seated), and interrogatories are not an adequate substitute for depositions. Defendant must be allowed to explore the witnesses' alleged use of seats.

Plaintiffs also raised a number of meritless objections to the deposition notices. *First*, Plaintiffs assert that Defendant unilaterally scheduled the depositions without meeting and conferring

---

[1] Defendant did not receive the formal service copies of the amended disclosures until December 19, 2017, just 10 days before the close of fact discovery and after the last day to notice a deposition.

on dates. Any failure to meet and confer was obviously due to Plaintiffs' late disclosure.

*Second*, Plaintiffs assert that Defendant was required to subpoena the witnesses, rather than notice their depositions. However, given the class certification order and Plaintiffs' counsel's repeated assertions that all Wal-Mart cashiers are their clients, notices of deposition were sufficient. Even assuming subpoenas were required, Plaintiffs' late disclosure precluded that possibility.

*Third*, Plaintiffs assert that the location for the depositions does not comply with Rule 45(c). However, Defendant noticed the depositions in the judicial district where this action is pending and near the office of Class counsel. Defendant is willing to taking these depositions wherever necessary.

*Finally*, Plaintiffs erroneously claim that Defendant has not met its burden to depose absent class members: "There is no blanket rule barring discovery with respect to absent class members. Rather . . . the law on discovery directed to absent class members is flexible." *Mas v. Cumulus Media Inc.*, Case No. 10-cv-1396, 2010 WL 4916402, at *3 (N.D. Cal. Nov. 22, 2010) (quotation marks and citation omitted). "[D]iscovery has been permitted . . . where the information sought is relevant, not readily obtainable from the representative parties or other sources, and the request is not unduly burdensome and made in good faith." *Id.* (quotation marks and citation omitted); *see also Moreno v. Autozone, Inc.*, Case No. 05-cv-4432, 2007 WL 2288165, at *1 (N.D. Cal. Aug. 3, 2007) ("Discovery of absent class members … may be taken … if … necessary to the trial preparation …").

Good cause exists to take these deposition. *First*, Plaintiffs intend to rely on them to support their case (for an unspecified "rebuttal" purpose). Thus, Plaintiffs will rely their testimony *affirmatively*, at the very least, to contradict the testimony Defendant's witnesses may offer. Defendant is entitled to explore the basis and extent of these witnesses' knowledge and intended testimony, in particular as it relates to their use of a seat while performing cashier work.

*Second*, the information sought is directly relevant to the issue at the heart of this case—*i.e.*, whether the nature of the work performed by Wal-Mart cashiers reasonably permits the use of a seat. Indeed, the witnesses' testimony would inform the Court and parties of when, whether, and how the witnesses could, or could not, use seats while working, and if their performance was impacted in any way by the presence of a seat. It is curious that Class counsel seeks to prevent discovery on this issue.

*Third*, the depositions are necessary because this information cannot be obtained from any other source. Class Representative Williamson testified that she never used a seat while working as a cashier, and never saw a Wal-Mart cashier using a seat. Further, Defendant is prohibited from speaking with any of the other members of the Class. Plaintiffs' contention that Defendant should already know the substance of the witnesses' testimony about their performance of cashier work while seated because Defendant approved their use of seats is a vast oversimplification. For instance, the witnesses had multiple restrictions, some worked as both cashiers and people greeters, and some spent a significant amount of the time they were approved to use a seat on leaves of absence, assigned to specific registers, and temporarily assigned to other positions. Thus, these depositions are the only means by which Defendant can obtain firsthand information from Wal-Mart's cashiers regarding their ability or inability to perform the tasks of a cashier while in a seated position.

*Finally*, this request was made in good faith, only after Class counsel disclosed the witnesses and indicated their intention to rely on their testimony. This request is not unduly burdensome, as Class counsel affirmatively chose to disclose the witnesses two weeks prior to the discovery cutoff.

Thus, the Court should order Plaintiffs to produce the witnesses. In the alternative, the Court should strike them from Plaintiffs' disclosures and preclude Plaintiffs from using any evidence from or related to them for any purpose in this litigation. *See* Fed. R. Civ. P. 37(d), (b)(2)(A).

**Plaintiffs' Position:**

The gist of Defendant's position is that Plaintiffs somehow "sandbagged" Defendant by disclosing eight *new* witnesses on the eve of the discovery cut-off date. Defendant's assertion is false. In order to truly appreciate the absurdity of Defendant's position, it is necessary to understand the scope and extent of discovery conducted over the eight and a half years that this case has been pending. The witnesses at issue are included within a group of 223 class members who were identified by <u>Defendant</u> as having been allowed to use seats under Defendant's ADA policies. These witnesses, known to Defendant for years, were disclosed **by Defendant** to Plaintiffs on a rolling basis which finally concluded on November 16, 2017. These witnesses were covered under Plaintiffs' initial Rule 26 disclosures in February of 2010. And, as Defendant disclosed identities in its rolling productions, Plaintiffs included those individuals in their amended Rule 26 disclosures served on **August 7, 2017.** Notably, at no time prior to December 15, 2017 did Defendant **ever express** a desire to depose any of the 223 absent class members that had been identified by Defendant. Simply put, the current situation is entirely of Defendant's own doing.

Plaintiffs allege that Defendant violated §14(A) of Wage Order 7-2001 by failing to provide seats to its cashiers for their use while checking out customers, despite the fact that the nature of cashier work reasonably permits the use of a seat. During the course of early discovery conducted in 2009 and 2010, Plaintiffs learned that Defendant <u>does</u> in fact provide seats to its injured/disabled cashiers to use while checking out customers. Once this critical fact was discovered, the identities of the class members to whom seats were provided – the very individuals at issue in this brief – became a central focus of discovery as reflected in Plaintiffs' Class Certification Motion (ECF No. 81) as well as the August 2012 Order granting class certification. See, ECF No. 110. Following the Ninth Circuit Court of Appeals Order affirming the grant of class certification in this case (ECF No. 135), on October 5, 2016, Plaintiffs noticed the deposition of Defendant on topics directly related to Defendant's policy of providing seats to its disabled cashiers, the identities of the individuals to whom seats were provided during the class period, and the reasons why. On that same day, Plaintiffs also served document requests for all documents relating to requests made for the use of seats under its ADA policy, and Defendant's responses thereto. Defendant initially objected to producing the names of the class members to whom seats were provided, as well as the documents surrounding the seat approval and/or denials. However, the parties eventually stipulated to the production (ECF No. 165), and the Court approved the stipulation on April 21, 2017. ( ECF No. 168.)

Subsequent to the Court's April 21, 2017 Order, Defendant began producing the identities of individuals to whom it provided seats, as well as the documents surrounding each seat approval and/or denial, **in batches and on a rolling basis**. The last batch of documents identifying the individuals who are the subject of this brief – cashiers who were allowed to use seats under Defendant's ADA policies during the class period – was produced by Defendant on **November 16, 2017**. In total, Defendant has identified 223 cashier class members who were allowed to use seats under its ADA policies during the class period. On August 7, 2017, Plaintiffs promptly amended their Rule 26 disclosures and identified the class members to whom Defendant provided seats under its ADA policies. Six of the eight individuals identified by Plaintiffs in the December 13, 2017 Rule 26 Supplement were included within the group of witnesses identified by Plaintiffs on August 7, 2017. At no time after receiving the August 7, 2017 Rule 26 disclosures did Defendant express a desire to either depose or conduct discovery on any of the absent class members identified by Plaintiffs. Plaintiffs again supplemented their Rule 26 disclosures on December 13, 2017 only to provide information received in Defendant's rolling production after August 2017, to wit: (1) additional Bates ranges of documents containing the identities of the individuals to whom seats were provided; and (2)

names of two additional persons who were not disclosed by Defendant until the end of its rolling production. At Defendant's request, Plaintiffs also narrowed the scope of individuals for whom Plaintiffs requested surveillance video showing cashiers using seats.

As established by the chronology noted above, the individuals at issue are not "new" as Defendant now suggests. To the contrary, they are covered by Plaintiffs' initial Rule 26 disclosures and were specifically identified in Plaintiffs' August, 2017 Rule 26 Supplement. Defendant's claims of sandbagging are false and are an apparent "cover story" for its tardy attempt to conduct improper discovery on absent class members after the close of discovery. Defendant should have raised this issue with Plaintiffs early on in this case and issued timely subpoenas. Rather, Defendant only noticed the depositions of non-party class members, without meeting and conferring, on December 15, 2017, two weeks before the close of discovery. Similarly, it is entirely disingenuous for Defendant to argue that Plaintiffs' disclosures were late in light of the fact that Defendant itself did not finalize its identification of the individuals at issue until **November 16, 2017**. Defendant's notice of deposition for the eight class members at issue here is attached as Exhibit A, and Plaintiffs' objection to the deposition notice is attached as Exhibit B. Defendant's tardy request to depose absent class members should be denied both because (a) Defendant has not met its burden of establishing a need to depose these individuals and, (b) a notice of deposition is not sufficient to compel absent class member testimony. Instead, subpoenas are required because absent class members are not considered parties for purposes of discovery. *In re Worlds of Wonder Securities Litigation*, 1992 WL 330411, *2 (N.D. Cal. 1992)["Absent class members are not parties and separate discovery on individual class members not represented is ordinarily not permitted."]

### 1. Absent Class Member Discovery Is Not Warranted In This Case

The rules regarding absent class member discovery are well defined by case law as set forth in *Holman v. Experian Info. Sols., Inc.*, 2012 WL 2568202, at *3 (N.D. Cal. July 2, 2012). Two themes emerge. First, the burden is on Defendant to make a "strong showing" of need based on well defined factors; second, a more heightened showing of need is required for discovery, such as depositions, as compared to less burdensome discovery such as interrogatories. *Baldwin & Flynn v. National Safety Associates*, 149 F.R.D. 598, 600 (N.D. Cal. 1993)["The burden is heavy to justify asking questions by interrogatories, even heavier to justify depositions."] In *Holman*, 2012 WL 2568202 at *3, this Court explained:

> Courts considering requests for discovery on absent class members often apply the standard articulated by the Seventh Circuit in *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 340–41 (7th Cir.1974). This standard permits such discovery "only where the proponent of the discovery establishes" four criteria: that (1) the discovery is not designed to take undue advantage of class members or to reduce the size of the class, (2) the discovery is necessary, (3) responding to discovery requests would not require the assistance of counsel, and (4) the discovery seeks information that is not already known by the proponent. *McPhail v. First Command Fin. Planning, Inc.*, 251 F.R.D. 514, 517 (S.D.Cal.2008) (citing *Clark*, 501 F.2d at 340–42).
>
> Other courts have articulated standards that are similar to, or overlap with the factors set forth in, *Clark*. For example, in *McCarthy v. Paine Webber Group, Inc.*, 164 F.R.D. 309 (D.Conn.1995), the court required parties seeking discovery to make a "strong showing ... that the information sought (1) is not sought with the purpose or effect of harassment or altering membership of the class; (2) is directly relevant to common questions and unavailable from the representative parties; and (3) is necessary at trial of issues common to the class."

Defendant has not established a need to take any absent class member discovery, nor why it waited until two weeks prior to the close of discovery to raise this issue. The mere fact that the individuals are on Plaintiffs' Rule 26 disclosures served in August of 2017 is an insufficient basis for absent class member discovery. Moreover, Defendant neglects to inform this Court that it is **already in possession** of the following information for each of the 223 cashiers identified in Plaintiffs' Rule 26 disclosures: (1) the date that each cashier was provided the use of a seat, for how long a seat was provided, the reasons why a seat was allowed, which stores each cashier worked at while using a seat, and what restrictions, if any, were placed on their ability to use a seat; (2) performance reviews from the period of time each cashier was using a seat; (3) customer complaints, if any, arising from each cashier's seat usage; (4) productivity reports both before and after each cashier was allowed to use seats; and (5) surveillance videos depicting the work activities of cashiers using seats. Also, Defendant has access to supervisors and co-employees who worked alongside these individuals. This is not a situation where Plaintiffs have identified "surprise" witnesses that have not been known to the Defendant. Rather, these individuals have been concealed by Defendant until just recently.

Here, particularly in light of all of the categories of information Defendant already has about these individuals, there is insufficient justification to allow these depositions to proceed under the test approved in *Holman*; also see, *Baldwin, supra*, 149 F.R.D. at 601[rejecting defendants' discovery request for lack of need as information gained "would be only minor additions" to existing evidence.] To be sure, none of the class members has done anything affirmative, such as submitted a declaration, such that the Court can say s/he has become actively involved in the litigation. Notably, Plaintiffs will not be relying on declarations or other testimony submitted from these witnesses in their upcoming Motion for Summary Judgment. Further, Defendant has failed to address whether less intrusive means (narrowly tailored interrogatories for example) for gathering whatever particular information they seek cannot be used.

**(3)** **Each party's proposed compromise with respect to each unresolved issue.**

**Defendant's position**:
Defendant requests that the Court compel Plaintiffs to immediately produce these witnesses for their depositions, each to last 2 hours, at a location to be mutually agreed upon, or in the alternative to strike them from Plaintiffs' Rule 26 disclosures and preclude Plaintiffs from using any evidence from or related to these witnesses in this litigation. *See* Fed. R. Civ. P. 37(d), (b)(2)(A).

**Plaintiffs' position:**
Defendant's blanket request for depositions should be denied for the reasons set forth. Should the Court feel that any discovery is appropriate then Defendant should be required to set forth written questions which can be presented to the eight class members for response.

Respectfully,

DATED: December 28, 2017      Jones Law Firm
                              Righetti Glugoski, P.C.

                              By: /s/ Matthew Righetti
                                  Class Counsel

DATED: December 28, 2017      LTL Attorneys LLP

                              By: /s/ Anthony Sbardellati
                                  Counsel for Defendant

# EXHIBIT A

LTL ATTORNEYS LLP
Steven C. Gonzalez (SBN 191756)
Steven.gonzalez@ltlattorneys.com
Patricia Kinaga (SBN 126845)
Patricia.kinaga@ltlattorneys.com
Anthony Sbardellati (SBN 246431)
Anthony.sbardellati@ltlattorneys.com
Lisa Yumi Mitchell (SBN 311407)
Lisayumi.mitchell@ltlattorneys.com
300 S. Grand Ave, 14th Floor
Los Angeles, CA 90071
Tel: 213-612-8900/Fax: 213-612-3773

Attorneys for Defendant WAL-MART STORES, INC.

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| NISHA BROWN and KATHY WILLIAMSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART STORES, INC., and DOES 1 through 50 inclusive,<br><br>Defendants. | CASE NO.: 5:09-cv-03339-EJD<br><br>**DEFENDANT WAL-MART STORES, INC.'S NOTICE OF DEPOSITION OF THE INDIVIDUALS LISTED IN PLAINTIFFS' "(AMENDED) SECOND AMENDED DISCLOSURE STATEMENT"**<br><br>Action Filed: June 11, 2009<br>Removal Date: July 21, 2009<br>Trial Date: October 2, 2018<br><br>Date: December 28-29, 2017<br>Time: See below.<br>Place: LTL Attorneys LLP<br>601 Gateway Blvd.,<br>Suite 1010,<br>South San Francisco,<br>California 94080 |

DEFENDANT WAL-MART STORES, INC.'S NOTICE OF DEPOSITION OF THE INDIVIDUALS LISTED IN PLAINTIFFS' "(AMENDED) SECOND AMENDED DISCLOSURE STATEMENT"

1   TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2   PLEASE TAKE NOTICE THAT pursuant to Rule 30 of the Federal Rules of Civil Procedure, WAL-MART STORES, INC. will take the deposition upon oral examination of the following individuals: JOHN HOLTZ on December 28, 2017 at 12:00 pm, KRISTA EKLUND on December 28, 2017 at 1:30 pm, DORIS MAROUF on December 28, 2017 at 3:00 pm, BELINDA HAMMONS on December 28, 2017 at 4:30 pm, MARY VISAMOONE on December 29, 2017 at 10:00 am, PANDORA BUESCHER on December 29, 2017 at 12:00 pm, KIMBERLY WILLIAMS on December 29, 2017 at 2:00 pm, and MARCIA UNGLES on December 29, 2017 at 4:00 pm. All depositions will take place before a certified court reporter, at LTL Attorneys LLP, 601 Gateway Blvd., Suite 1010, South San Francisco, California 94080. The depositions may be recorded stenographically and by videotape.

DATED: December 15, 2017                      LTL ATTORNEYS LLP

By: /s/ Anthony D. Sbardellati
     Steven C. Gonzalez
     Patricia Kinaga
     Anthony Sbardellati
     Lisa Yumi Mitchell
     Counsel for Defendant
     Wal-Mart Stores, Inc.

---

1

DEFENDANT WAL-MART STORES, INC.'S NOTICE OF DEPOSITION OF THE INDIVIDUALS LISTED IN PLAINTIFFS' "(AMENDED) SECOND AMENDED DISCLOSURE STATEMENT"

# PROOF OF SERVICE

STATE OF CALIFORNIA)
COUNTY OF LOS ANGELES)

I am employed in the county of Los Angeles State of California. I am over the age of 18 and not a party to the within action; my business address is: 300 South Grand Ave., 14th Floor, Los Angeles, CA 90071.

On **December 15, 2017** I served the foregoing document(s) described as **DEFENDANT WAL-MART STORES, INC.'S NOTICE OF DEPOSITION OF THE INDIVIDUALS LISTED IN PLAINTIFFS' "(AMENDED) SECOND AMENDED DISCLOSURE STATEMENT"** on the interested parties in this action.

| | |
|---|---|
| Matthew Righetti, SBN 121012<br>RIGHETTI GLUGOSKI, P.C.<br>456 Montgomery St., Ste. 1400<br>San Francisco, CA 94101<br>Tel.: (415) 983-0900<br>Fax.: (415) 397-9005<br>Email: matt@righettilaw.com<br><br>Charles A. Jones, SBN 224915<br>Kelly McInerney, SBN 200017<br>JONES LAW FIRM<br>9585 Prototype Ct., Ste. B<br>Reno, NV 89521<br>Tel.: (775) 853-6440<br>Fax.: (775) 853-6445<br>Email: caj@cjoneslawfirm.com | *Attorneys for Plaintiffs NISHA BROWN and KATHY WILLIAMSON, individually and on behalf of all others similarly situated* |

[X]  **BY PERSONAL SERVICE** I arranged for First Legal Network Messenger Services to deliver such envelope by hand to the individuals listed above.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on **December 15, 2017** at Los Angeles, California.

Loreen M. Bucholz
*Print Name*                                             *Signature*

1
PROOF OF SERVICE

# EXHIBIT B

MATTHEW RIGHETTI, State Bar No. 121012
RIGHETTI GLUGOSKI, P.C.
456 Montgomery Street, Suite 1400
San Francisco, CA 94101
Telephone: (415) 983-0900 / Facsimile: (415) 397-9005
Email:     matt@righettilaw.com

Charles A. Jones, Esq., SBN 224915
JONES LAW FIRM
9585 Prototype Court, Suite B
Reno, Nevada 89521
Telephone: (775) 853-6440 / Facsimile: (775) 853-6445
Email: caj@joneslawfirm.com

Class Counsel

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NISHA BROWN and KATHY WILLIAMSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WAL-MART STORES, INC., and DOES 1 through 50 inclusive,<br><br>Defendants. | CASE NO.: 5:09-cv-03339-EJD<br><br>**PLAINTIFFS' OBJECTIONS TO NOTICE OF DEPOSITIONS FOR ABSENT CLASS MEMBER TESTIMONY** |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to Federal Rule of Civil Procedure 30 and Local Rule, Northern District 30-1, Plaintiffs object to the notice of depositions of John Holtz, Krista Eklund, Doris Marouf, Belinda Hammons, Mary Visamoone, Pandora Buesher, Kimberly Williams, Marcia Ungles, on the following grounds:

(1) Defendant made no effort/attempt to confer with Class Counsel about the scheduling of the depositions as required by Local Rule 30-1 and Class Counsel are unavailable for the unilaterally scheduled dates;

(2) Notice of deposition on absent class members is not sufficient under F.R.C.P. Rule 30 and instead deposition subpoenas are required for absent class member testimony;

(3) The location for the depositions selected by Defendant does not comply with FRCP 45(c);

(4) Defendant has failed to meet its burden of demonstrating that: (a) the depositions of absent class members are not designed to take undue advantage of class members and/or a tactic designed to reduce the size of the class; (b) the depositions are necessary; (c) the depositions of absent class members will not require the assistance of counsel either to prepare for the deposition or during the deposition; (d) the information sought through the depositions cannot be obtained through alternate means such as by serving Interrogatories on the class representative; (e) the information sought through the depositions is not already in the possession of Wal-Mart; (f) the information sought through the depositions is directly relevant to common questions; and (g) the information sought is necessary at trial of issues common to the class. See, *Arredondo v. Delano Farms Co.*, 2014 WL 5106401 (E.D. Cal. 2014); also see, *McPhail v. First Command Fin. Planning, Inc.*, 251 F.R.D. 514, 517 (S.D.Cal.2008) (citing *Clark*, 501 F.2d at 340–42).

For the foregoing reasons, Plaintiffs will not be appearing at the depositions unilaterally scheduled by Defendant. Executed this 21st day of December 2017, at Reno, Nevada.

JONES LAW FIRM.

Charles A. Jones
Class Counsel

## CERTIFICATE OF SERVICE

I, the undersigned, declare as follows:

I am employed in the County of Washoe, State of Nevada.

I am over the age of eighteen (18) years and not a party to the within action; my business address is 9585 Prototype Court, Suite B, Reno Nevada, 89521.

On December 21, 2017, I served the foregoing documents describes as:

1. PLAINTIFFS' OBJECTIONS TO NOTICE OF DEPOSITIONS FOR ABSENT CLASS MEMBER TESTIMONY.

on all interested parties in this action addressed to the addressee as follows:

Anthony D. Sbardellati
Lisa Yumi Mitchell
Steven C. Gonzalez
Particia A. Kinaga
Alexander Humphrey Hu
LTL ATTORNEYS LLP
300 S. Grand Ave., Floor 14
Los Angeles, CA 90071
Telephone: 1-213-612-8900
Facsimile: 1-213-612-3773

__X__ **VIA ELECTRONIC MAIL:** Service by electronic mail was made either pursuant to a Court Order, pursuant to an agreement between the parties permitting the same, or as a professional courtesy in addition to other proper service. The electronic mail was sent to an electronic mail address maintained by the person(s) on whom the document(s) is/are served as last given by that/those person(s).

__X__ **VIA MAIL:** The sealed envelope with postage thereon fully prepaid was placed for collection and mailing following ordinary business practices. I am aware that on motion of the party served, service is presumed invalid if the postage cancellation date or postage meter date on the envelope is more than one day after the date of deposit for mailing set forth in this declaration. I am readily familiar with JONES LAW FIRM's practice for collection and processing of documents for mailing with the United States Postal Service the same day as the day of collection in the ordinary course of business.

I declare under penalty of perjury under the laws of the State of Nevada that the above is true and correct.

Executed on December 21, 2017, at Reno, Nevada.

*/s/ Nikki Nevarez*
Nikki Nevarez