UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NISHA BROWN, et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>WAL-MART STORE, INC.,<br><br>　　　　Defendant. | Case No.09-cv-03339-EJD　(SVK)<br><br>**ORDER GRANTING DEFENDANT'S REQUEST TO TAKE DEPOSITIONS**<br><br>Re: Dkt. No. 189 |

Plaintiffs filed this class action on July 21, 2009 alleging, *inter alia*, Defendant violated Wage Order 7-2001 Section 14 by failing to provide seats to its cashiers. ECF 1. The Court certified the class on August 24, 2012. ECF 81. Fact discovery closed December 29, 2017. On December 13, 2017, Plaintiff served an amended Rule 26 disclosure that specifically identified for the first time eight individuals that were Wal-Mart cashiers who were granted the use of seats as accommodations in compliance with the Americans with Disabilities Act. ECF 189. On December 15, 2017, Defendant served a deposition notice for the newly identified witnesses. Plaintiffs' counsel refused to produce the witnesses and instead offered to have the absent class members respond to written questions. ECF 189 at 2, 6. On December 28, 2017, the parties filed the joint statement presently before the Court wherein Defendant requests to take the deposition of the newly identified eight absent class members. ECF 189 at 2-4. Plaintiff objects on the basis that Defendant has not met its burden in justifying depositions of absent class members. ECF 189 at 4-6. The Court grants Defendant's request for the reasons set forth below.

## I.　LEGAL STANDARD AND ANALYSIS

Although courts do not usually allow discovery from absent class members, the rules pertaining to such discovery are flexible, especially where the proposed deponents have been identified as potential witnesses or have otherwise "injected" themselves into the litigation. *See*

*Mas v. Cumulus Media Inc.*, No. C-10-1396 EMC, 2010 WL 4916402, *3 (N.D. Cal. Nov.22, 2010); *Moreno v. Autozone*, No. C-05-4432 MJJ EMC, 2007 WL 2288165, *1 (N.D. Cal. August 3, 2007) (citations omitted). The proponent of discovery must demonstrate three factors to justify discovery of absentee class members: (1) whether the information sought is relevant; (2) whether the information is not readily obtainable from the representative parties or other sources; and (3) whether the request is not unduly burdensome and made in good faith. *Tierno v. Rite Aid Corp.*, No. C–05–2520–TEH, 2008 WL 2705089 at *6 (N.D. Cal. July 8, 2008). *See also Moreno*, 2007 WL 2288165 at *1 (discovery may be taken where "the proponent of the deposition demonstrates discovery is not sought to take undue advantage of class members or to harass class members, and is necessary to the trial preparation").

Here, Plaintiffs have identified the eight absent class members as potential witnesses on their amended disclosures. Plaintiffs claim that their testimony would only be used for rebuttal purposes, but this does not change the fact that Plaintiffs may rely on the proposed deponents as witnesses. These members have thus been "injected" into the litigation. *See Mas*, 2010 WL 4916402 at *3 (allowing discovery where Plaintiff identified witnesses in his initial disclosures). The information sought is certainly relevant. At issue in this case is whether Defendants failed to provide seats to its cashiers while checking out customers, in violation of Wage Order 7-2001 Section 14. The eight proposed deponents are identified as persons for which Defendant did in fact provide seats. Thus, given Plaintiffs' indication that Plaintiffs may rely on their testimony, it is pertinent to Defendant's case to explore how the seats were used by the proposed deponents and the nature of their job functions. Such information is not available from the representative parties or other sources (*see* ECF 189 at 3), and the request, which limits the length of the depositions, is neither unduly burdensome nor made in bad faith.

Nothing indicates this is an attempt to take undue advantage of or to harass absent class members. *See Moreno*, 2007 WL 2288165 at *1. Plaintiffs' argument that Defendant knew of these witnesses prior to Plaintiffs including them on their disclosures is unpersuasive. The fact that persons were identified in Defendant's documents would not, by itself, justify absent class member discovery. It is Plaintiffs' selection of these individuals as persons with relevant

2

information who may appear at trial that renders them immediately eligible for deposition. Defendant has therefore met its burden to obtain the discovery it seeks.

## II. CONCLUSION

Defendant has met its burden to take the depositions of the eight absent class members identified for the first time in Plaintiffs' December 13, 2017 Rule 26 disclosures. The parties shall meet and confer to determine a schedule and location for the depositions, to be completed by January 31, 2018. Each deposition shall last no more than two hours.

**SO ORDERED.**

Dated: January 9, 2018

_____
SUSAN VAN KEULEN
United States Magistrate Judge