1

2

3

4                        UNITED STATES DISTRICT COURT

5                       NORTHERN DISTRICT OF CALIFORNIA

6                               SAN JOSE DIVISION

7

8    NISHA BROWN, et al.,                          Case No.  09-cv-03339-EJD

                      Plaintiffs,
9                                                  **ORDER DENYING MOTION TO**
10             v.                                  **DECERTIFY THE CLASS**

                                                   Re: Dkt. No. 193
11   WAL-MART STORE, INC.,

                      Defendant.
12

13          Although the Ninth Circuit has affirmed this Court's order certifying a class of California

14   cashiers employed by Defendant Wal-Mart Store, Inc. ("Wal-Mart"), Wal-Mart stands by its view

15   that certification is untenable and moves to decertify the class.  Addressing Wal-Mart's motion is

16   an exercise in futility, as Wal-Mart has identified no change in law or fact that would justify

17   upsetting the prior certification decision.  The Court DENIES Wal-Mart's motion to decertify.

18   **I.      BACKGROUND**

19          In July 2009, Wal-Mart removed to federal court the class action brought by Plaintiffs

20   Kathy Williamson ("Williamson") and Nisha Brown (collectively, "Plaintiffs"), an action which

21   alleges that Wal-Mart has violated § 14 of California Wage Order 7–2001 (the "Wage Order") by

22   failing to provide seats for its cashier employees.  Dkt. No. 1.  In August 2012, this Court certified

23   a class of "[a]ll persons who, during the applicable statute of limitations, were employed by Wal-

24   Mart in the State of California in the position of Cashier."  Dkt. No. 110 ("Class Cert. Order") at

25   14.  Invoking Federal Rule of Civil Procedure 23(f), Wal-Mart sought to appeal the order granting

26   certification to the Ninth Circuit.  Dkt. No. 113.  In mid-November 2012, this Court stayed the

27   proceedings pending resolution of the Rule 23(f) proceeding, and, later that month, the Ninth

28   Case No.: 09-cv-03339-EJD
     ORDER DENYING MOTION TO DECERTIFY THE CLASS

                                                   1

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Circuit granted Wal-Mart's petition for permission to appeal the certification order.  Dkt. Nos.

2   124, 125.

3          Two other appeals pending before the Ninth Circuit presented similar issues to those

4   presented in Wal-Mart's appeal.  In those appeals, the Ninth Circuit certified questions to the

5   California Supreme Court about the appropriate construction of the Wage Order.  Kilby v. CVS

6   Pharmacy, Inc., 739 F.3d 1192 (9th Cir. 2013).  Accordingly, the Ninth Circuit sat tight on Wal-

7   Mart's appeal until the California Supreme Court acted.  Dkt. No. 131.  The California Supreme

8   Court accepted the certified questions and rendered a decision on April 4, 2016 in Kilby v. CVS

9   Pharmacy, Inc., 368 P.3d 554 (Cal. 2016).  With Kilby in hand, the Ninth Circuit resubmitted

10  Wal-Mart's appeal and issued a decision affirming this Court's certification order in June 2016.

11  Dkt. Nos. 134, 135.  Importantly, the Ninth Circuit held that even if the California Supreme

12  Court's decision in Kilby changed the law, it "d[id] not undermine the district court's class

13  certification decision, because the California Supreme Court's interpretation of the Wage Order

14  appears to be more beneficial for Plaintiffs."  Brown v. Wal–Mart Stores, Inc., 651 F. App'x 672,

15  673 n.1 (9th Cir. 2016).  The Ninth Circuit ultimately concluded that "[t]he district court did not

16  abuse its discretion by certifying the class."  Id. at 673.

17         After the Ninth Circuit issued its mandate in August 2016, Dkt. No. 139, proceedings

18  resumed in this Court.  Fact discovery closed at the end of 2017.  Dkt. No. 167.  Then, on January

19  4, 2018, Wal-Mart filed its motion to decertify the class.  Dkt. No. 193 ("Mot.").  Plaintiffs filed

20  an opposition on February 16, 2018, Dkt. No. 203 ("Opp."), and Wal-Mart filed a reply on

21  February 26, 2018, Dkt. No. 205 ("Reply").

22  **II.     DISCUSSION**

23         "Even after a certification order is entered, the judge remains free to modify it in the light

24  of subsequent developments in the litigation."  Gen. Tel. Co. of Sw. v. Falcon, 457 U.S. 147, 160

25  (1982).  Courts have recognized that both legal and factual developments may form the basis for

26  decertification.  See, e.g., 3 Newberg on Class Actions § 7:37 (5th ed. 2017) (noting that court's

27  must periodically ensure that the Rule 23 requirements are met "in light of the evidentiary

28  Case No.: 09-cv-03339-EJD
    ORDER DENYING MOTION TO DECERTIFY THE CLASS

2

1    development of the case"); see also Brady v. Deloitte & Touche, 587 F. App'x 363, 364 (9th Cir.

2    2014) (upholding decertification premised on intervening circuit precedent regarding California

3    law exemptions from overtime).  Nevertheless, the defendant seeking decertification must make a

4    showing that the change is sufficient to warrant reconsidering the certification decision.  See, e.g.,

5    3 Newberg, supra, § 7:39 ("[A] defendant seeking decertification or modification ought to be

6    required to make some showing of changed circumstances or law, which would then trigger a

7    plaintiffs' obligation to defend certification."); cf. Day v. Celadon Trucking Servs., Inc., 827 F.3d

8    817, 832 (8th Cir. 2016) (explaining that where the defendant "had a full and fair opportunity to

9    contest class certification," the defendant must "provide good reason before the district court

10   revisits the issue").

11       If the defendant makes the requisite showing of changed circumstances, the plaintiff, of

12   course, has the ultimate burden to show that Rule 23's requirements are met.  Marlo v. United

13   Parcel Serv., Inc., 639 F.3d 942, 947–48 (9th Cir. 2011); In re Korean Ramen Antitrust Litig., No.

14   13-CV-04115-WHO, 2018 WL 1456618, at *2 n.1 (N.D. Cal. Mar. 23, 2018).  But the critical

15   issue here is whether the defendant has met its initial burden.  Distinguishing between different

16   types of burdens is customary in the law.  One simple example stands out: while a summary-

17   judgment movant has the burden to file a well-supported motion, the underlying burden of

18   persuasion may rest with the other party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242,

19   255–56 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986).  Similarly, a party seeking

20   reconsideration of a court's order in this district must show "a material difference in fact or law"

21   or "[a] manifest failure by the Court to consider material facts or dispositive legal arguments"

22   even if that party does not carry the burden of persuasion on the merits.  See Civ. L.R. 7-9(b).

23   Likewise, in this situation, the proper question is whether Wal-Mart has identified a subsequent

24   development in the law or the evidence to justify revisiting class certification on its merits.

25       Under that standard, Wal-Mart does not have a leg to stand on.  Wal-Mart's argument for

26   reevaluating certification rests almost entirely on the California Supreme Court's decision in

27   Kilby.  Yet the Ninth Circuit delayed ruling on Wal-Mart's appeal until the issuance of Kilby and

28   Case No.: 09-cv-03339-EJD
     ORDER DENYING MOTION TO DECERTIFY THE CLASS

United States District Court
Northern District of California

then explicitly addressed <u>Kilby</u> in its decision.  <u>See</u> <u>Brown</u>, 651 F. App'x at 673 n.1.  Although

Wal-Mart responds that the Ninth Circuit's commentary on <u>Kilby</u> is unreasoned dictum pertaining

to liability but not certification, Reply at 2 n.1, that characterization does not withstand scrutiny:

the Ninth Circuit unequivocally stated that <u>Kilby</u> "does not undermine the district court's class

certification decision, because the California Supreme Court's interpretation of the Wage Order

appears to be more beneficial for Plaintiffs."  <u>See</u> <u>Brown</u>, 651 F. App'x at 673 n.1.  Wal-Mart's

attempt to use <u>Kilby</u> to unseat this Court's prior certification decision violates the principle that

courts are "generally precluded from reconsidering an issue that has already been decided by . . . a

higher court in the identical case."  <u>Buck v. Berryhill</u>, 869 F.3d 1040, 1050 (9th Cir. 2017)

(quoting <u>Thomas v. Bible</u>, 983 F.2d 152, 154 (9th Cir.), <u>cert. denied</u>, 508 U.S. 951 (1993)).

Indeed, an examination of Wal-Mart's motion reveals that it simply rehashes arguments

already addressed by this Court and affirmed on appeal.  At the high level, Wal-Mart's motion

challenges whether Plaintiffs have established the Rule 23(a) requirements of commonality and

typicality and the Rule 23(b)(3) requirement of predominance.  Mot. at 15–25.  The Court's

August 2012 certification order dealt with those same three requirements, and the Ninth Circuit's

June 2016 decision affirmed.  <u>See</u> <u>Brown</u>, 651 F. App'x at 673–74; Class Cert. Order at 6–13.

More granularly, Wal-Mart does not contest this Court's prior determination that "Wal-

Mart had a common policy of not providing seats to its cashiers in California and that these

cashiers share a common injury."  Class Cert. Order at 8.  Instead, Wal-Mart relies on declarations

from seven store managers to argue that cashier work varies based on differences in checkout

configurations, stores, shifts, seasons, and merchandise.[1]  But the Court specifically addressed and

rejected this exact argument the first time around, explaining that Wal-Mart's 30(b)(6) witness

Jackie Grube testified that all California cashiers perform the same essential tasks, which do not

---

[1] Plaintiffs make clear that they will not stand for Wal-Mart's submission of new evidence: they
formally object to the store-manager declarations.  Dkt. No. 204.  Unwilling to sit on the sidelines,
Wal-Mart filed a motion to strike these evidentiary objections.  Dkt. No. 206.  Because the Court
would reach the same conclusion whether or not it considered Wal-Mart's declarations, Wal-
Mart's motion to strike is DENIED as moot.

Case No.: 09-cv-03339-EJD
ORDER DENYING MOTION TO DECERTIFY THE CLASS

United States District Court
Northern District of California

vary based on Wal-Mart's identified factors. Id. at 10. To the extent Wal-Mart seeks to escape this admission with new evidence, the Court's prior observation still stands: the testimony of Wal-Mart's 30(b)(6) witnesses is binding on Wal-Mart. Id. at 7, 10. Moreover, the Ninth Circuit agreed with this Court's finding that "the work done by cashiers at registers was generally the same across stores, register locations and configurations, shifts, and physical activities" such that "a trier of fact could determine whether these common tasks could reasonably be performed while seated, and such a determination would apply to all Wal-Mart cashiers at its California stores." Brown, 651 F. App'x at 674. Wal-Mart does not sufficiently describe how its newly raised evidence is meaningfully different than what was presented before.[2]

In fact, the bulk of Wal-Mart's argument and evidence stands in direct conflict with this Court's prior order and with Kilby. Wal-Mart spends pages discussing tasks cashiers perform while away from the checkout lanes. But this Court previously observed that "any variance in the work performed at outlying registers in specific departments that are not at the main front-end register bank is irrelevant because the persons who access those outlying registers are not cashiers." Class Cert. Order at 10 (footnote omitted). Along the same lines, in Kilby, the California Supreme Court instructed that "courts must examine subsets of an employee's total tasks and duties by location, such as those performed at a cash register or a teller window, and consider whether it is feasible for an employee to perform each set of location-specific tasks while seated." 368 P.3d at 564. That is why the Ninth Circuit pointed out that Kilby makes Plaintiffs' case for certification stronger, not weaker. Brown, 651 F. App'x at 673 n.1. Wal-Mart ignores or misapprehends the appropriate inquiry, and its misdirected focus further confirms why it has not met its burden to show changed circumstances. To take one pointed example, Wal-Mart argues

---

[2] This conclusion is not altered by Wal-Mart's offhanded reference to the local and statewide bans on single-use bags. Mot. at 11–12, 20. Although Wal-Mart's declarants state that the bans shifted the time that cashiers spend bagging, see, e.g., Dkt. No. 193-4 ¶ 34; 193-5 ¶ 19, none identify any differences among stores. Given that the statewide ban imposed in November 2016 applies equally to all California Wal-Mart stores, Wal-Mart has not sufficiently explained how this change affects the Court's conclusion that a trier of fact can determine whether the common tasks performed by cashiers could reasonably be performed while seated.

Case No.: 09-cv-03339-EJD
ORDER DENYING MOTION TO DECERTIFY THE CLASS
5

that Williamson's claims are not typical of the class because she "was on register nearly 100% of her working time" and "did not spend time on tasks away from her checkstand, unlike other [c]ashiers." Mot. at 24. The Court fails to see how Wal-Mart's assertions disturb the conclusion that "Williamson's claim is typical of the class claim because she was a Wal-Mart cashier at a California store, performed tasks common to Wal-Mart cashiers, and was not provided a seat." Class Cert. Order at 13. Wal-Mart's off-point arguments and evidence do not justify reassessing the class certification order.

In a final ironic twist, Wal-Mart digresses from its tirade against sitting and takes a swipe at standing. Specifically, Wal-Mart argues that Williamson and the class members lack Article III standing to sue. The Court admonishes Wal-Mart for sitting on this argument until filing its reply, thereby depriving Plaintiffs of the chance to respond. Such antics usually will not be tolerated. See United States v. Gianelli, 543 F.3d 1178, 1185 n.6 (9th Cir. 2008) ("[A]rguments raised for the first time in a reply brief are generally considered waived . . . ."). However, despite Wal-Mart's less-than-upstanding behavior, the Court acknowledges a federal court's general obligation to consider challenges to its jurisdiction and therefore briefly addresses Wal-Mart's standing argument. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 95 (1998).

To establish standing, a plaintiff must show a concrete injury in fact that can be traced to the defendant's conduct and redressed by a favorable judicial decision. See Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016). Wal-Mart asserts that neither Williamson nor the class has suffered an injury in fact based on the U.S. Supreme Court's pronouncement in Spokeo that "a bare procedural violation, divorced from any concrete harm, [does not] satisfy the injury-in-fact requirement of Article III." Id. at 1549. But Wal-Mart fails to note the Ninth Circuit's post-Spokeo recognition of the difference between a violation of a procedural requirement, which does not necessarily affect the plaintiff's concrete interest, and a violation of a substantive provision, which does. See Eichenberger v. ESPN, Inc., 876 F.3d 979, 982–83 (9th Cir. 2017). The Wage Order at issue here clearly sits in the latter group. As the California Supreme Court explained in Kilby, the Wage Order is a descendant of orders "promulgated to provide a minimum level of

Case No.: 09-cv-03339-EJD
ORDER DENYING MOTION TO DECERTIFY THE CLASS

United States District Court
Northern District of California

1   protection for workers." 368 P.3d at 563.  Specifically, the California labor commission decided

2   that "humane consideration for the welfare of employees requires that they be allowed to sit at

3   their work or between operations when it is feasible for them to do so." Id. (citation omitted).  In

4   other words, as with a range of other labor protections, the Wage Order does not prescribe a

5   procedure that businesses must follow but instead protects an employee's concrete interest in her

6   own well-being.  In this way, Wal-Mart's failure to provide a seat causes the precise concrete

7   harm sought to be remedied by the Wage Order.  See Eichenberger, 876 F.3d at 984.  Accordingly,

8   neither Williamson nor the class need demonstrate any further harm to have standing.

9   **III.     CONCLUSION**

10          For the foregoing reasons, Wal-Mart's motion to decertify is DENIED.

11          **IT IS SO ORDERED.**

12   Dated: April 27, 2018

13   _____

14   EDWARD J. DAVILA
     United States District Judge