# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| NISHA BROWN and KATHY WILLIAMSON, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>vs.<br><br>WAL-MART STORES, INC., and DOES 1 through 50 inclusive,<br>    Defendants. | CASE NO.: 5:09-cv-03339-EJD<br><br>**[PROPOSED] ORDER AND FINAL JUDGMENT APPROVING SETTLEMENT BETWEEN SETTLEMENT CLASS PLAINTIFFS AND WAL-MART STORES, INC.** |

This matter came before the Court on Plaintiffs' Motion for Final Approval of Settlement ("Final Approval Motion").

WHEREAS, a putative class action is pending before the Court entitled *Brown & Williamson v. Wal-Mart Stores, Inc.*, Case No. 5:09-cv-03339-EJD (United States District Court for the Northern District of California);

WHEREAS, the Court has received and reviewed the Settlement Agreement entered into between the Class Representative, Settlement Class Members and the State of California, on the one hand, and Wal-Mart Stores, Inc. ("Walmart") on the other hand, (the "Agreement"), and has considered the terms of the proposed settlement set forth therein (the "Settlement");

WHEREAS, all terms used herein shall have the same meanings as set forth in the Agreement, unless otherwise defined herein;

WHEREAS, on December 6, 2018, the Court entered its order preliminarily approving the Settlement of this class action as set forth in the Agreement, approving the form, content and

method of notice, and setting a date and time for a fairness hearing to consider whether the Settlement should be finally approved by the Court pursuant to Rule 23(d) of the Federal Rules of Civil Procedure as fair, adequate, and reasonable (the "Preliminary Approval Order" (ECF No. 292));

WHEREAS, the Preliminary Approval Order further directed that all Settlement Class Members be given notice of the Settlement and of the date for the final fairness hearing;

WHEREAS, the Court has received the declaration and supplemental declaration of Melissa Meade from Phoenix Settlement Administrators ("PSA") attesting to the provision of notice, class member claims, pay period disputes reported by class members – and resolution of such disputes – all in substantial accordance with the Preliminary Approval Order;

WHEREAS, not a single objection to this settlement has been filed and only 335 Settlement Class Members (0.33% of the Class) timely filed a request for exclusion; and

WHEREAS, the Court having conducted a Final Fairness Hearing on March 28, 2019 (the "Settlement Approval Hearing"), and having considered the arguments presented, all papers filed and all proceedings had therein;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. The Court has jurisdiction over the subject matter of this action, all Settlement Class Members, the State of California and Defendant. In accordance with Rules 23(d) and 23(e) of the Federal Rules of Civil Procedure and the requirements of due process, all members of the Settlement Class have been given proper and adequate notice of the Settlement. Based upon the evidence submitted by the parties to the Settlement Agreement, the Settlement Agreement, the declaration of the Settlement Administrator regarding the notice program and responses received thereto, the arguments of counsel, and all the files, records and proceedings in this case, the Court finds that the Notice and notice methodology implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order: (a) constituted the best practicable notice under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Settlement Approval Hearing; (c) were reasonable and constituted due, adequate and

sufficient notice to all persons entitled to notice; and (d) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law.

2. The Court also finds and determines that the parties have satisfied the requirements of the Labor Code Private Attorneys General Act of 2004, Cal. Lab. Code § 2698 et seq., and the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), by serving the Labor and Workforce Development Agency and appropriate governmental authorities with timely notice of the Settlement.

3. The deadline for Settlement Class Members to exclude themselves from the Settlement, submit Claim Forms, or object to the Settlement shall be March 28, 2019. There will be no further additions to the Class after March 28, 2019. The Court approves the requests of the two former opt-out individuals to participate in this Settlement.

4. The Settlement Agreement in this action warrants final approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure because it resulted from vigorously contested litigation, extensive discovery and motion practice, and extensive good-faith arm's length negotiations between the parties, and it is fair, adequate, and reasonable to those it affects.

5. The Final Approval Motion is hereby GRANTED, and the Settlement as set forth in the Agreement is hereby APPROVED as fair, reasonable, adequate, and in the public interest, and the terms of the Agreement are hereby determined to be fair, reasonable and adequate, for the exclusive benefit of the Settlement Class Members. The Parties are directed to consummate the Agreement in accordance with its terms.

6. The Court APPROVES the Seating Program contained at §5.1 through §5.1.8 of the Agreement and payment of the Gross Settlement Amount of $65,000,000 in accordance with the terms of the Agreement.

7. The Court finds and determines that the Settlement Payments to be paid to the Settlement Class Members as provided for by the Agreement are fair and reasonable. The Court hereby gives APPROVES and ORDERS the payment of those amounts to be made to the Settlement Class Members out of the Net Settlement Amount in accordance with the Agreement.

8. The Court finds and determines that payment to the Labor and Workforce Development

Agency of its share of the settlement of civil penalties in this case is fair, reasonable, and appropriate. The Court hereby APPROVES and ORDERS that the payment of that amount be paid out of the Net Settlement Amount in accordance with the Agreement.

9. The Court APPROVES payment of the Enhancement Payments to Class Representative Kathy Williamson in the amount of $25,000 and Plaintiff Nisha Brown in the amount of $5,000, in accordance with the terms of the Agreement.

10. The Court APPROVES payment of Attorneys' Fees of $21,664,500 and Litigation Expenses of $312,000 to Class Counsel (Jones Law Firm and Righetti Glugoski P.C.) in accordance with the terms of the Agreement. The requested award of $21,664,500 in attorneys' fees is reasonable under the percentage of the common fund method, as it is consistent with Ninth Circuit authority. *See, e.g.*, *In re Pacific Enterprises Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (affirming award of 33% of $12 million common fund); *In re Activision Sec. Litig.*, 723 F. Supp. at 1375 (awarding 32.8% of $3.5 million common fund); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 460 (9th Cir. 2000) (affirming award of 33.3% of $1.725 million); *see also Bennett v. Simplexgrinnell LP,* 2015 WL 12932332 at *7 (N.D. Cal. 2015) (awarding fee of 38.8% plus costs of $4,900,000 settlement fund); *In re Heritage Bond Litig,* 2005 WL 1594403, at *18, n.12 (C.D. Cal Jun. 10, 2005) (noting that more than 200 federal cases have awarded fees higher than 30%).

The Court reaches this conclusion based on the following: (1) attorney fees awards issued in similar suitable seating settlements alleging the same claims alleged here which have been approved by other courts (s*ee* Order Awarding Attorneys Fees in *Enombang v. Target Corporation*, Alameda County Superior Court Case No. RG17853948 [awarding attorneys' fees equal to 40% of the $9,000,000 common fund in similar suitable seating action]; Order Awarding Attorneys' Fees in *Hall v. Rite Aid,* San Diego Superior Court Case No. 37-2009-00087938 [awarding attorneys' fees equal to 40% of the $18,000,000 common fund in similar suitable seating action]); (2) the fact that the result achieved in this case – the establishment of a common fund of $65,000,000 created for the State of

California and 100,362 Class Members – is excellent and exceeds the result achieved in other similar suitable seating cases; (3) the fact that this settlement includes the establishment of a Seating Program through which Walmart will now provide seats to its front-end cashiers in the State of California thereby benefiting the more than 20,000 currently employed Class Members, as well as those cashiers who will be employed in the future (*see Staton v. Boeing Co.*, 327 F.3d 938, 974 (9th Cir. 2003) [confirming that it is appropriate for Courts consider the value of injunctive or "forward looking" relief in either increasing the value of the common fund created, or "as a 'relevant circumstance' in determining what percentage of the common fund class counsel should receive as attorney's fees, rather than as part of the fund itself."]); (4) the novelty and complexity of the issues involved in this litigation; (5) the fact that Class Counsel have litigated this case on a pure contingency fee basis for a decade with no guarantee of any recovery whatsoever and have invested a substantial amount of time and money for the benefit of the Class Members and the State of California (*see In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994)); (5) the substantial risks involved in this case and the fact that Class Counsel successfully opposed two separate Motions for Judgment on the Pleadings and Walmart's Cross Motion for Summary Judgment; (6) the fact that Class Counsel have agreed to continue to perform work on this case, on an as needed basis, for a period of up to twelve (12) additional years; and (7) the fact that not a single class member, nor the California LWDA, objected to the amount of fees sought after being notified of the amount requested.

The requested fee award is also reasonable under the lodestar method. The Court has reviewed the hours devoted to this case by Class Counsel and their hourly rates and concludes that they are reasonable. The resulting multiplier of roughly 2.2 is reasonable in light of the time and labor required, the difficulty of the issues involved, the requisite legal skill and experience necessary, the excellent results obtained for the Class, the contingent nature of the fee and risk of no payment, and the range of fees that are customary. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002) (approving

5:09-cv-03339-EJD

multiplier of 3.65 and citing recent cases approving multipliers as high as 19.6); *Steiner v. Am. Broad. Co.*, 248 Fed. Appx. 780, 783 (9th Cir. 2007) (affirming award with multiplier of 6.85); *see also* Newberg, *Attorney Fee Awards*, § 14.03 at 14-5 (1987) ("multiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied."); *Gutierrez v. Wells Fargo Bank, N.A.*, 2015 WL 2438274, at *7 (N.D. Cal. May 21, 2015) (awarding a multiplier of 5.5 mainly on account of the fine results achieved on behalf of the class, the risk of non-payment they accepted, the superior quality of their efforts, and the delay in payment).

11. The Litigation is hereby DISMISSED WITH PREJUDICE and without costs to any Party, other than as specified in the Settlement Agreement and this Order.

12. In consideration of the Seating Program and Net Settlement Amount provided under the Agreement, and for other good and valuable consideration, each of the Releasing Settlement Class Members and the State of California shall, by operation of this Judgment, have fully, finally, and forever released, relinquished, and discharged all Settlement Class Member Released Claims against Walmart in accordance with Section 13 of the Agreement, the terms of which are incorporated herein by reference, shall have covenanted not to sue Walmart with respect to all such Settlement Class Member Released Claims and shall be permanently barred and enjoined from instituting, commencing, prosecuting or asserting any such Settlement Class Member Released Claim against Walmart.

13. This Judgment is the Final Judgment in the suit as to all Settlement Class Member Released Claims.

14. Without affecting the finality of this Judgment in any way, this Court retains jurisdiction over (a) implementation of the Settlement and the terms of the Settlement Agreement; (b) distribution of the Class Settlement Amount, the LWDA Payment, the Enhancement Payments and the Attorneys' Fees and Litigation Expenses Amount; and (c) all other proceedings related to the implementation, interpretation, administration, consummation, and enforcement of the terms of the Settlement Agreement and the Settlement, and the administration of Claims submitted by Settlement Class Members. The time to appeal from this Judgment shall commence upon its entry.

15. In the event that the Settlement Effective Date does not occur, this Judgment shall be rendered null and void and shall be vacated, nunc pro tunc, except insofar as expressly provided to the contrary in the Agreement, and without prejudice to the status quo ante rights of Plaintiffs, Settlement Class Members, the State of California, and Walmart.

16. This Court finds that there is no just reason for delay and expressly directs Judgment and immediate entry by the Clerk of the Court.

**IT IS SO ORDERED.**

Dated: March 28, 2019

Edward J. Davila
UNITED STATES DISTRICT JUDGE

5:09-cv-03339-EJD